In re Timothy J. HOSEK & Theresa S. Hosek, Debtors.

Bankruptcy No. 90–51720–C.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

Sept. 25, 1991.

John P. Lowe, Uvalde, Tex., Trustee.

Benjamin F. Youngblood, III, San Antonio, Tex., for debtors.

## ORDER DENYING MOTION FOR RECONSIDERATION

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the Chapter 7 Trustee's Motion for Reconsideration, wherein this court is urged to reconsider its decision of January 14, 1991, 124 BR 239, overruling the Trustee's objection to the Debtors' claim of exemption in the proceeds of an uninsured/underinsured motorists insurance claim.

■ The Trustee raises only one issue in his motion: whether the Debtors' claim against their own liability carrier for underinsured motorist benefits is exempt from seizure, pursuant to Article 21.22(1) of the Texas Insurance Code. The Trustee contends that because Article 21.22(1) exempts only proceeds paid by a life, health, or accident insurance company, a claim for underinsured motorist benefits necessarily falls outside the scope of the exemption. In support of this argument, the Trustee relies chiefly upon various observations regarding the structure and organization of the Insurance Code itself; some general rules of statutory construction; and *In re Powers*, 112 B.R. 178 (Bankr.S.D.Tex.1989), which this court distinguished in its prior opinion on the issue. Each of these points will be considered, in turn.

I. *The Structure of the Texas Insurance Code*

The Trustee maintains that because the three-volume Texas Insurance Code is divided into twenty-five separate chapters, most of which focus upon particular types of insurance companies, provisions from one chapter should not be construed with provisions from another chapter. Specifically, the Trustee asserts that Chapter 3, titled "Life, Health, and Accident Insurance," and Chapter 5(A), titled "Motor Vehicle or Automobile Insurance," are mutually exclusive. Moreover, since Chapter 5(A) does not specifically refer to life, health, or accident insurance, the Trustee concludes that Article 21.22(1) applies only to the life, health, or accident insurance companies regulated by Chapter 3.

■ The Trustee's reliance upon the structure of the Insurance Code in his effort to delineate the scope of Article 21.22(1) disregards several important principles, however. First, while the codification process is part of the legislature's power to revise the laws, the primary purpose of codification is to rearrange separate statutes into a convenient, integrated system of statutory law regarding a particular subject. *Carbide Int'l Ltd. v. State*, 695 S.W.2d 653, 656 n. 3 (Tex.App.—Austin 1985, no writ). The codification process entrusted to the Legislative Council cannot, and does not, confer substantive meaning to a statute. *See* Tex.Govt.Code Ann. § 323.007(b) (Vernon 1988); *see also Minton v. Perez*, 783 S.W.2d 803, 805 (Tex. App.—San Antonio 1990, no writ). Furthermore, the Code Construction Act expressly provides: "The heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute." Tex.Govt.Code Ann. § 311.024 (Vernon 1988). Therefore, while the headings and divisions of the Insurance Code might prove useful to the researcher seeking a particular statute, any inferences about the substantive limitations of a statute must be founded upon more than the mere placement or labeling of the provision within the Code.

In addition, even if the Trustee's reliance upon the structure and headings of the Insurance Code were not misplaced, he totally ignores the heading of Chapter 21, which is called "General Provisions." Presumably, following the Trustee's own reasoning, a chapter setting forth general provisions would apply to all other chapters of the Code, not just to Chapter 3.

## II. *Statutory Construction*

The Trustee further argues that certain basic rules of statutory construction, particularly the importance of ascertaining legislative intent, require reconsideration of this court's prior decision. Again, he points to the separation of underinsured motorist coverage provisions from those pertaining to life, health, and accident insurance companies as evidence that the legislature intended Article 21.22(1) to apply only to Chapter 3 companies. Again, however, the Trustee's analysis falls short.

■ Issues of statutory construction are questions of law for the court to decide. *Johnson v. Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989). One of the most basic rules of statutory construction is that unless a statute is ambiguous, the court should find legislative intent in the plain, common meaning of the words and terms. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990); *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). Examination of the particular wording of Article 21.22(1) proves instructive:

> No money or benefits of any kind to be paid or rendered to the insured or any beneficiary under *any* policy of insurance issued by a life, health or accident insurance *company,* including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be liable to execution, attachment, garnishment or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered, except for premiums

payable on such policy or a debt of the insured secured by a pledge thereof.

Tex.Ins.Code Ann. art. 21.22(1) (Vernon Supp.1991) (emphasis added). The plain, ordinary language of the statute says that it applies to *"any* policy of insurance," as long as it is issued by an "life, health or accident insurance *company."* The statute does not say "any benefit paid under a life, health or accident *policy."*

■ Of course, this "plain, ordinary meaning" rule does not apply when the legislature specifically defines a term. *See Hopkins v. Spring Indep. School Dist.,* 736 S.W.2d 617, 619 (Tex.1987); *Big H Auto Auction, Inc. v. Saenz Motors,* 665 S.W.2d 756, 758 (Tex.1984). Here, as the Trustee correctly observes, the legislature has provided a statutory definition of "accident insurance company." *See* Tex.Ins. Code Ann. art. 3.01(2) (Vernon 1981). The Trustee, however, fails to include the whole definition in his brief. In its entirety, Article 3.01(2) says: "An accident insurance company shall be deemed to be a corporation doing business under any charter involving the payment. of money or other thing of value, conditioned upon the injury, disablement or death of persons *resulting from traveling or general accidents by land or water." Id.* (emphasis added). Thus, neither the plain, ordinary meaning of Article 21.22(1), nor the statutory definition of the phrase "accident insurance company" necessarily indicates legislative intent to exclude the proceeds of underinsured motorist coverage.

Further credence to this conclusion is offered by the all-embracing language of the most recent amendment to Article 21.-22(1), effective September 1, 1991:

Art. 21.22. UNLIMITED EXEMPTION OF INSURANCE BENEFITS FROM SEIZURE UNDER PROCESS

Sec. 1. Notwithstanding. any provision of this code other than this article, all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fra-

ternal insurance, or under any plan or program of annuities and benefits in use by any employer shall:

.  .  .  .  .

(4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

Act approved June 15, 1991, 72nd Leg., R.S., ch. 609, § 1, 1991 Tex.Sess.Law Serv. 2218 (Vernon) (to be codified as an amendment to Tex.Ins.Code Ann. art. 21.22(1)).

### III. *In re Powers*

In his brief, the Trustee insists that *In re Powers*, 112 B.R. 178 (Bankr.S.D.Tex.1989) supports his argument that Article 21.22(1) does not apply to underinsured motorist coverage. In its January 1991 decision, this court observed that the holding in the *Powers* case does not conflict with the ruling on the present matter. While the Trustee seizes upon the language of this court's Footnote # 4, wherein it is acknowledged that the scope of Article 21.22(1) is "restricted to life, health, and accident insurance companies," he misses the thrust of the argument. The distinguishing issue of both the *Powers* case and the import of this court's footnote turns on the contractual and beneficiary elements of life, health, and accident insurance. These elements inhere in the statutory definitions of "insured" and "policyholder" in Article 3.01(8) of the Insurance Code, cited by the *Powers* court. For purposes of life, health, and accident insurance, the "insured" or "policyholder" is "the person on whose life a policy of insurance is effected." Tex.Ins. Code Ann. art. 3.01(8) (Vernon 1981); *Powers*, 112 B.R. at 181. In *Powers*, the policyholder was a corporation, not a living person. *See Powers*, 112 B.R. at 181. Furthermore, in *Powers*, the insurance policy in question did not contract to insure any particular named person or persons, nor was the debtor the beneficiary of the policy at issue, as the term "beneficiary" is defined in Article 3.01(9) of the Insurance Code. *See id.* By contrast, in the instant case, the Debtors/policyholders are living persons, "on whose li[ves] a policy of insurance is effected," and they are also the beneficiaries of the policy at issue. While

the court in *Powers* ruled appropriately, given the facts of that case, the *Powers* case is inapposite to the issue raised by the Trustee in his Motion for Reconsideration and is, therefore, unpersuasive in determining the matter at hand.

In light of the foregoing discussion, the Chapter 7 Trustee's Motion for Reconsideration is hereby DENIED.

SO ORDERED.