## UNION SAVINGS BUILDING & LOAN ASS'N v. SMITH et al.

### No. 4331.

Court of Civil Appeals of Texas. Texarkana.
May 10, 1933.

Rehearing Denied May 18, 1933.

Burford & Carter, of Texarkana, Ark., for appellant.

Wm. V. Brown, of Texarkana, Tex., for appellees.

LEVY, Justice (after stating the case as above).

176

The decision of the case depends upon the construction of article 5068a of the Statutes, which is as follows:

"Sec. 1. No money or benefits of any kind to be paid or rendered on a weekly, monthly or other periodic or installment basis to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be liable to execution, attachment, garnishment or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof.

"Sec. 2. Wherever any policy of insurance or plan or program of annuities and benefits mentioned in Section 1 of this Act shall contain a provision against assignment or commutation by any beneficiary thereunder of the money or benefits to be paid or rendered thereunder, or any rights therein, any assignment or commutation or any attempted assignment or commutation by such beneficiary of such money or benefits or rights in violation of such provision shall be wholly void."

The question specifically is one of whether the statute gives protection and exemption to the money to be paid to the beneficiary named in an insurance policy issued by a life insurance company, where the insurance money is to be paid to the beneficiary, not in periodical payments in money, but all at one time in a gross sum of money. The policy of life insurance stipulated for payment at the death of the insured the sum of $5,000 to his wife named as the beneficiary thereof. The insurance money was payable "within ninety days after the receipt, at its Home Office, of satisfactory proof of the death of the insured."

It is thought that the statute does not exempt from all liability for the debts of the beneficiary, and from garnishment, the money payable to the beneficiary under the policy of life insurance in suit. The provision of the statute does not extend to and has no application where the money payable under the life insurance policy is payable at one time in a gross sum of money. It is not provided in terms that all money or proceeds payable or growing out of life insurance should be exempt from all liability for debts of the beneficiary, and from garnishment or other legal process. In express terms the exemption from liability for debts and from garnishment or other legal process extends, and is intended to be limited, to the money

or proceeds of life insurance payable to the beneficiary in periodical payments of money, as specified weekly, monthly, or installments, or annuity. And it was intended, and the meaning is clear, we think, to give the protection and exemption from claims of creditors of money or proceeds of life insurance to be received in such periodical payment, not only of "the insured" but also and alike those of "any beneficiary." The statute expressly refers to the "money" to be paid periodically, and to "the benefits" other than money to be rendered to "the insured or any beneficiary." The framers of the statute had in view article 4847, R. S., exempting the insurance money and benefits to be paid and provided by mutual and fraternal benefit societies to "a member or beneficiary," and intended to widen the field of exemption to the insurance money to be paid by "a life, health or accident insurance company," when the insurance money was payable in periodical payments of money.

The judgment is reversed and the cause is remanded with instructions to enter judgment denying the appellee the relief prayed for of exemption of the proceeds of the insurance from liability and garnishment. The appellee to pay all costs of appeal.