### In re William Michael BROTHERS, Debtor.

### Bankruptcy No. 388–33183–HCA–7.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Dec. 8, 1988.

Stephan P. Perison, Hutcheson & Grundy, Dallas, Tex., for trustee, Mel J. Cyrak.

Paul B. Geilich, Creel, Atwood & Phillips, P.C., Dallas, Tex., for debtor.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, District Judge.

Came on for consideration Trustee's Objection To Property Claimed As Exempt. The question raised by the Trustee's Objection and the Debtor's Response, is apparently one of first impression. The Court is asked to determine whether the recent amendment of Article 21.22(1) of the Texas Insurance Code, exempting all lump sum payments made under an insurance policy, also exempts the cash surrender value of life insurance policies, thereby repealing the provisions of the Texas Property Code which list cash surrender values as personal property which may be claimed as exempt within certain aggregate dollar limits.

After consideration of the briefs and pleadings filed by counsel and hearing oral arguments and a review of the applicable authorities, the Court concludes that Article 21.22(1) of the Texas Insurance Code does not exempt the cash surrender value of life insurance policies, and that such funds are exempt under Texas Property Code section 42.002(7) only to the extent that they do not cause the value of the Debtor's total claimed exemptions to exceed the aggregate amounts allowed by Section 42.001 of the Texas Property Code. Therefore, the Court holds that the funds presently in question are nonexempt. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (K).

## FINDINGS OF FACT

1. On May 27, 1988 William Michael Brothers (Debtor) filed a voluntary Chapter 7 petition.

2. In Schedule B-4 of the Debtor's Schedules and Statement of Affairs, the Debtor claimed two life insurance policies with Prudential Insurance Company as exempt pursuant to the provisions of Article 21.22(1) of the Texas Insurance Code (Article 21.22(1)). The policies had a total cash surrender value of approximately $12,-000.00.

3. Mel Cyrak, the duly appointed Trustee (Trustee), filed his Objection to Property Claimed as Exempt, challenging the exempt status of the insurance policies.

4. A hearing on the subject was held on September 30, 1988, during which the Trustee stated that the total value of the Debtor's claimed exemptions, excluding the life insurance policies, exceeded the $30,-000.00 aggregate allowed to a family under the Texas Property Code. The Debtor conceded that this was true, but contended that Article 21.22(1) exempts payments made under an insurance policy without regard to the aggregate value limitations set forth in the Property Code, and that the amending of Article 21.22(1) impliedly repealed the provisions of the Property Code addressing cash surrender values.

## DISCUSSION OF THE LAW

The present dispute centers around the March 24, 1987 amendment to Article 21.-22(1), of the Texas Insurance Code. Prior to the amendment, the statute stated that:

No money or benefits of any kind to be paid or rendered on a weekly, monthly or other periodic or installment basis to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be liable to execution, attachment, garnishment or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof. TEX.INS.CODE ANN. art. 21.22(1) (Vernon 1981).

The recent change in the statute deleted the words "on a weekly, monthly or other periodic or installment basis," thereby making lump sum payments made under an insurance policy exempt from execution for debt. TEX.INS.CODE ANN. art. 21.22(1) (Vernon Supp.1988). Apparently, these funds are exempt without limitation as to amount, and without regard to the exemptions provided in the Property Code. Teofan & O'Neill, *Creditors and Consumer Rights, Annual Texas Law Survey*, 42 Sw. L.J. 199, 215 (1988).[1]

The Texas Property Code, however, specifically addresses the exemption of cash surrender values. Section 42.002(7) lists cash surrender values as personal property which may be claimed as exempt under certain conditions[2], while section 42.001 limits the aggregate value of personal property exemptions to $30,000.00 for a family and $15,000.00 for a single adult. TEX.PROP.CODE ANN. §§ 42.001(a) and (b), 42.002(7) (Vernon 1984).

When a general statute has appeared to conflict with a specific statute concerning the same subject matter, some Texas Courts have utilized Section 311.026 of the Texas Code Construction Act in an attempt to resolve the conflict.[3] *See Alexander Ranch, Inc. v. Central Appraisal Dist. of Erath County*, 733 S.W.2d 303, 308 (Tex. App.—Eastland 1987, writ ref'd n.r.e.). The Texas Code Construction Act provides the following guidance:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. TEX.GOV'T CODE ANN. § 311.026 (Vernon 1986).

Since Article 21.22(1) is the later enactment and it does not expressly repeal section 42.002(7) of the Property Code, the Court must determine whether, as the Debtor argues, the amendment impliedly repealed this section of the Property Code. Repeal by implication is not favored, *City of Port Arthur v. Jefferson County Fresh Water Supply Dist. No. 1*, 596 S.W.2d 553, 556 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.) and is warranted only when the result is inevitable, or is plainly intended by the legislature. *Texas & N.O.R. Co. v. W.A. Kelso Bldg. Material Co.*, 250 S.W.2d 426 (Tex.Civ.App.–Houston 1952, writ ref'd n.r.e.). The implication must be clear, necessary, irresistible, and free from reasonable doubt. *International Service Ins. Co. v. Jackson*, 335 S.W.2d 420, 424 (Tex. Civ.App.–Austin 1960, writ ref'd n.r.e.) (quoting 82 C.J.S. *Statutes* § 288).

Although the courts must first try to determine the intent of the legislature from the language of the statute, *Railroad Comm'n of Texas v. Olin Corp.*, 690 S.W. 2d 628, 630 (Tex.App.—Austin, writ ref'd n.r.e., 701 S.W.2d 641 (Tex.1985)), when the legislature does not express itself unequivocally, the legislative history of a statute is frequently the most fruitful source of instruction as to its proper interpretation. *Graff Chevrolet Co. v. Campbell*, 343 F.2d 568, 571 (5th Cir.1965) (quoting *Flora v. United States*, 362 U.S. 145, 151, 80 S.Ct. 630, 633–34, 4 L.Ed.2d 623 (1960)). A read-

---

**1.** The effect of future events upon these funds is not within the scope of this opinion.

**2.** Section 42.002 states: "The following personal property is eligible for the exemption: (7) the cash surrender value of any life insurance policy in force for more than two years to the extent that a member of the insured person's family or a dependent of the single person claiming the exemption is a beneficiary of the policy;"

**3.** Although this statute was probably intended to apply to "general" statutes—those affecting the

general population, and "special" statutes—those affecting a specific "class" of persons, it does appear to correctly and succinctly state long established principles of statutory construction applied by the Texas courts in situations where two statutes addressing the same subject appear to be in conflict. *See Cole v. State*, 106 Tex. 472, 170 S.W.2d 1036, 1037 (1914); *Townsend v. Terrell*, 118 Tex. 463, 16 S.W.2d 1063, 1064 (1929); and *Lorenzo Textile Mills v. Bullock*, 566 S.W.2d 107, 111 (Tex.Civ. App.—Austin 1978, no writ).

ing of the transcript of the hearings on Senate Bill 172, at which Article 21.22(1) was discussed, indicates that the legislators intended, in amending Article 21.22(1), to protect surviving spouses and children receiving lump sum life insurance payments by making these beneficiary payments exempt from garnishment or execution for debts; the subject of the cash surrender values was never mentioned.[4] Based on this evidence, it can hardly be said the implication of repeal is clear or free from doubt, therefore, the Court finds that the amendment of Article 21.22(1) did not repeal Section 42.002(7) of the Property Code.

In addition, this court believes that Article 21.22(1) does not apply to cash surrender values because such funds are not payments made "under an insurance policy". Payments made "under an insurance policy" are those made on the occurrence of a future contingency for which the insured and the insurance carrier have contracted. Under a health insurance policy, the carrier must pay when the insured becomes ill and incurs expenses related to his or her illness. Under an accident insurance policy, the carrier must pay for damages caused by certain accidents. Life insurance, however, is a contract to pay a sum certain to a third party on the death of the insured, *In re Howerton,* 21 B.R. 621, 623 (Bankr.N.D. Tex.1982), therefore, the only payment made "under" a life insurance policy for the purposes of Article 21.22(1) exemption, is that paid the beneficiary at the death of the insured, and these funds may be claimed as exempt only by the beneficiary.

In contrast, cash surrender values are more in the nature of an investment, they are not paid "under" the policy, rather they are paid to the owner if the policy is cancelled, or to the beneficiary in the total of proceeds paid. Cash surrender values are available to the debtor at any time he or she might wish to terminate the insurance contract, or convert the funds to paid up insurance, therefore, they are also available to the Trustee. *Id.* at 623, 624.

The Debtor contends that a finding by this Court that cash surrender values are not exempt under Article 21.22(1) will allow creditors to force a Debtor to cash in his life insurance policies. The obvious answer to this argument is that the Property Code provides for the exemption of these funds

---

4. HENDERSON: Mr. Chairman and members, Senate Bill 172 proposes to make an amendment to the Insurance Code. Since 1951, for some reason or other any periodic payments or benefits to surviving spouses or children has been exempt from a garnishment or an execution. But for some reason, the lump sum payment has not been exempt from garnishment or execution and no one that we've talked to really quite knows why, maybe there was a reason for it at one time.... *Hearings on S.B. 172 Before the Economic Development Committee,* 70th Leg. 1 (Feb. 9, 1987) Transcript of Tape 1 (transcript available from Texas Senate Staff Services).

... OLSEN: [a practicing attorney representing the Houston Association of Life Underwriters] ... In the current 2122, Section 1 of the Insurance Code seems to protect insurance proceeds from claims of creditors if the proceeds are paid out in some form over time. By implication, what it seems to do is not protect from the claims of creditors lump sum payments and the way this statute is currently written raises three problems. The first problem is just sort of a logical problem, mainly, there doesn't seem to be any real logical reason why the mode or manner of payment in insurance proceeds should determine the consequences in terms of relationship with the creditors, meaning and [sic] insurance proceed dollar should be an insurance proceed dollar and should be treated the same irrespective of whether it's paid cash up front or paid out over time.... *Id.* at 2.

[The second problem was that there was no guidance in the statute as to how many payments were necessary to make the payments exempt as periodic payments.]

... Finally, I think probably more significantly, the way that human beings actually live in our society particularly poor people, when there's a death and the insurance claim is filed, most people as we all know, don't pick up the phone and call their lawyer. Many people will never call a lawyer and many people never even have any interface with the probate court system.... So, as the statute is written right now, to get the benefit of this protection from the creditors, what it basically asks is for rather sophisticated financial and legal decision generally by somebody who's not going to be in top form just because they've had a death of a loved one.... [I]t's a very unfair provision, ... in light of the way that human beings actually live. *Id.* at 3.

... JONES: This would exempt them from all, all claims, last illness and ____ ____?

DAVIS: [A practicing attorney representing the Texas Association of Life Underwriters.] Yes, Sir. It would exempt them just like the periodic payments for that same policy would be exempt. *Id.* at 4.

only within certain maximum dollar amounts, therefore, cash surrender values in excess of the allowed amounts must be available to creditors as is other personal property which exceeds the statutory value limitations. The possibility of abuse by creditors is no more likely than the possibility of abuse by debtors had the Court found that cash surrender values are exempt without limitation under Article 21.-22(1). Such a finding would provide debtors the opportunity to harbor large amounts of cash in an exempt form which would be as easily accessible as a savings account.

It appears that the Texas legislature has balanced the interest of both debtors and creditors by allowing debtors to maintain a limited amount of life insurance for the protection of their families, while preventing debtors from using life insurance as a means of hindering creditors.

Mr. Perison will please prepare an appropriate order.