**In re Timothy J. & Theresa S. HOSEK, Debtors.**

**Bankruptcy No. 90–51720–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Jan. 18, 1991.

John Lowe, Uvalde, Tex., trustee.

Benjamin F. Youngblood, III, San Antonio, Tex., for debtors.

### MEMORANDUM OF DECISION

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the Objection of the Chapter 7 Trustee to the debtor's claim of exemption in the proceeds of an insurance claim resulting from an uninsured/underinsured motorists claim. Upon consideration thereof, the court overrules the objection. This memorandum explains why.

This bankruptcy was filed on June 4, 1990. The debtors elected state exemptions pursuant to Section 522(b)(2)(A). In October 1990, the debtors amended their exemptions to include an uninsured/underinsured motorists claim held by them against their own insurance company, State Farm Mutual Automobile Insurance Company. The claim arose in October 1989, when Mrs. Hosek and two of their children were injured in an accident in which a motorist rear-ended them, then fled the scene. They claim that Article 21.22(1) of the Texas Insurance Code supports this exemption.

Prior to its amendment in 1987, Article 21.22(1) permitted an exemption for periodic or instalment payments under a life, accident, or health insurance policy. Lump sum payments were not exempt. *Preston v. Martin*, 69 S.W.2d 472, 474 (Tex.Civ. App.—Beaumont 1934, no writ); *Union Savings Building & Loan Ass'n v. Smith*, 62 S.W.2d 175, 176 (Tex.Civ.App.—Texarkana 1933, writ ref'd); *see Johnson v. Fenslage*, 724 F.2d 1138, 1142 (5th Cir.1984) (annuity involving lump sum payment not exempt). Thus, prior to the amendment, the payment in this case would not have been available for exemption.

The 1987 amendment to the Texas Insurance Code was a direct response to *John-*

*son v. Fenslage,* and expressly authorized exemptions for lump sum payments and instalment payments alike under life, accident, and health insurance policies. The clear intent of the Texas legislators was "to protect surviving spouses and children receiving lump sum life insurance payments by making these beneficiary payment exempt . . ." *In re Brothers,* 94 B.R. 82, 85 (Bankr.N.D.Tex.1988).

The legislative history [1] to this amendment makes no reference to uninsured/underinsured motorist claims, and it is apparent that such claims were not considered or contemplated. Nonetheless, the statute now facially protects such claims.[2] The trustee argues that this court should find the term "under any policy" in the statute as ambiguous, thereby justifying a resort to the legislative history. The trustee cites *Brothers* as support for this approach. *See In re Brothers,* 94 B.R. at 84.

The trustee also adds that a facial reading of the statute would lead to anomalous results, at least in bankruptcy cases, further supporting use of the legislative history. Notes the trustee, insurance companies have subrogation rights in claims such as this and typically insist on an assignment of the insured's claim as a condition to payment. *See* TEX.INS.CODE ANN. art. 5.06–1, § 6 (Vernon Supp.1991); *United States Fidelity & Guaranty Co. v. Cascio,* 723 S.W.2d 209, 210 (Tex.App.—Dallas 1986, no writ) (a dismissal with prejudice or a settlement by the insured against the tortfeasor without the consent of the insuror results in loss of coverage). In bankruptcy, the claim would belong to the estate, not the debtor, as it is clearly *not* available for exemption. *See* TEX.PROP. CODE ANN. § 42.002 (Vernon Supp.1991).[3] Therefore, the debtor would lack the authority to assign the claim, and the insurance company could conceivably refuse to turn over the money. On the other hand, the insurance company might be left holding the bag, forced to pay the claim but denied the right of subrogation. The statute, contends the trustee, should be construed to avoid such an outcome, i.e., claims of this type should be held to belong to the estate (the trustee would then receive the benefits and assign the claim, avoiding the anomaly). This outcome would also not offend the legislature's original intent in its 1987 amendments.

Finally, the trustee argues that insurance proceeds on non-exempt property are themselves not exempt, citing this court's decision in *In re Leva,* 96 B.R. 723, 738 (Bankr.W.D.Tex.1989).

Compelling though the trustee's arguments are, they nonetheless must fail, for they founder on the plain language of the statute itself. The statute is not ambiguous on its face, nor did the court in *Brothers* so urge. That court rather found that cash surrender value was simply not within the scope of the statute as it was written, and that the amendment to the Insurance Code did not operate as an implied repeal of the specific cash surrender value exemption provided in Section 42.002 of the Texas Property Code. *In re Brothers,* 94 B.R. at 85. In fact, that court commented that

> [p]ayments made "under an insurance policy" are those made on the occurrence

---

1. The Texas legislature does not maintain a written, published legislative history. Instead, official tapes of the proceedings are available upon request to the legislature. The trustee here made such a request and a copy of that tape has been furnished to the court.

2. The precise language of the current statute is as follows:
   > No money or benefits of any kind to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health, or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall be

liable to execution, attachment, garnishment or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are to be paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof.
TEX.INS.CODE ANN. art. 21.22 § 1 (Vernon Supp.1991).

3. Of course, all of this discussion would be academic if the debtor elected the federal exemptions.

of a future contingency for which the insured and the insurance carrier have contracted ... [u]nder an accident insurance policy, the carrier must pay for damages caused by certain accidents. Life insurance, however, is a contract to pay a sum certain to *a third party* on the death of the insured.... Therefore, the only payment made "under" a life insurance policy for the purposes of the Article 21.22(1) exemption is that paid the beneficiary at the death of the insured.

*Id.* This analysis *supports* the conclusion that the benefits here in question are exempt, as they are precisely payments made on the occurrence of a future contingency for which the insured and the insurance carrier contracted.[4] The debtors contracted for protection against not being able to recover against another driver's liability coverage. Upon the occurrence of that eventuality, they have a right to receive the payments here in question under *their* policy. The fact that this type of coverage was not specifically mentioned in the statute is of no moment whatsoever.

Even were we to delve into the legislative history, we would find it less specific than the trustee contends. The comments of the legislators both on the floor of the Texas House and in hearings before the House Economic Development Committee are generic in nature.[5]

The anomalous result to which the trustee refers occurs only in bankruptcy. The Texas Legislature may, if it chooses, seek to amend the statute to correct the anomaly and protect insurance companies. Otherwise, the anomaly stands as a quirk of bankruptcy, not as a problem with the statute.

Finally, there is no so-called "conversion" of a non-exempt tort claim into an exempt insurance claim, as the trustee contends, except insofar as the Texas Legislature has elected to accomplish such a conversion. A state is free to declare as exempt such categories of property as it chooses, in the pursuit of public policy interests. *In re Leva,* 96 B.R. 723, 727 (Bankr.W.D.Tex. 1989). In this case, Texas has decided that the insurance benefits from an accident caused by an uninsured or underinsured motorist are exempt, even though the cause of action against the tort feasor is not. It has selected one category of property to be exempt, and denied the exemption to another category. Federal courts are not free to question such decisions, and this court will not attempt to do so. *See In re Witlin,* 640 F.2d 661, 663 (5th Cir.1981) (in applying state exemption laws, federal courts follow state courts' construction); *In re Frost,* 111 B.R. 306, 310 (Bankr.C.D. Cal.1990) (federal court bound by state courts' rules of construction).

An order consistent with this decision will be entered.

---

**4.** The court notes in passing that *In re Powers,* 112 B.R. 178 (Bankr.S.D.Tex.1989) does not apply to this case. There, the court correctly concluded that benefits payable from casualty or liability insurance are not protected by Article 21.22, the scope of which is restricted to life, health and accident insurance companies. There are neither contractual nor beneficiary relationships involved in such policies.

**5.** On the House floor, one representative commented that "Senate Bill 172 was introduced because of a small problem in the insurance code and it simply gives lump sum payments from life, accident or health insurance the same protection as any other payments under those programs." The committee testimony included this exchange:

> Rep. Cavazos: I just have a question. So, what we are doing here, are we saying then that *the life insurance proceeds are not going* to be garnished, because, you know, because this, this covers everything right?
> Mr. Henderson: That's right, that's correct.
> Rep. Cavazos: The law allows that right now?
> Mr. Henderson: ... [T]hey are protected so this treats *all insurance payments on the same basis.*