

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 9, 1992

Ms. Georgia D. Flint
Commissioner
Texas Department of Insurance
P. O. Box 149104
Austin, Texas 78714-9104

Opinion No. DM-125

Re: Whether, considering sections 42.001 and 42.002 of the Property Code and article 21.22 of the Insurance Code, life insurance policy proceeds and cash values are completely exempt from seizure under process, and related questions (RQ-281)

Dear Commissioner Flint:

You have requested our opinion regarding whether and to what extent state law exempts from seizure under process life insurance policy proceeds and cash values, and individually purchased annuities. Specifically, you ask the following:

(1) Whether insurance policy proceeds and cash values are completely exempt from seizure under process or whether those benefits are exempt from seizure to the extent of the maximum amounts set out in section 42.001 of the Property Code; and

(2) Whether the Texas Insurance Code article 21.22 exemption includes individually purchased annuities.

The resolution of the first issue you raise requires this office to construe two apparently conflicting statutes, both of which the 72d Legislature amended during its regular session. Senate Bill 654, Acts 1991, 72d Leg., ch. 175, § 1, amended section 42.001 of the Property Code to read, in pertinent part, as follows:

(a) Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if:

(1) the property is provided for a family and has an aggregate fair market value of not more than $60,000,

exclusive of the amount of any liens, security interests, or other charges encumbering the property; or

(2) the property is owned by a single adult, who is not a member of a family, and has an aggregate fair market value of not more than $30,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property.

Prop. Code § 42.001(a). Section 42.002 describes twelve categories of personal property that are exempt under section 42.001(a), including "the present value of any life insurance policy to the extent that a member of the family of the insured or a dependent of a single insured adult claiming the exemption is a beneficiary of the policy." *Id.* § 42.002(a)(12). Thus, under sections 42.001 and 42.002, a person may exempt from seizure under process personal property from any combination of the twelve categories, so long as the aggregate fair market value of the exempted personal property does not exceed either $60,000, if the property is provided for a family, or $30,000, if the property is owned by a single adult who is not a member of a family.[1] A person whose property is subject to seizure under process could choose to exempt from seizure the present value of a life insurance policy to the extent that a family member of the insured or dependent of a single insured adult claiming the exemption is the beneficiary, but only if the aggregate fair market value of all the personal property the debtor chooses to exempt does not exceed the amounts set forth in section 42.001(a)(1), (2).

Senate Bill 1261, Acts 1991, 72d Leg., ch. 609, § 1, amended article 21.22 of the Insurance Code in a way that, you contend, conflicts with sections 42.001 and 42.002 of the Property Code. In pertinent part, article 21.22 now reads as follows:

Notwithstanding any provision of this code other than this article, all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall:

---

[1] Section 42.001(a)(1), (2) of the Property Code specifies that the aggregate fair market value is to be determined "exclusive of the amount of any liens, security interests, or other charges encumbering the property."

(1) inure exclusively to the benefit of the person for whose use and benefit the insurance is designated in the policy;

(2) be fully exempt from execution, attachment, garnishment or other process;

(3) be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and

(4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

Ins. Code art. 21.22, § 1. The Insurance Code thus wholly exempts from seizure under process life insurance policy proceeds and cash values to be paid to the insured or any beneficiary.[2]

Senate Bill 654 amended sections 42.001 and 42.002 primarily to raise the exemption for personal property from forced sale from $30,000 to $60,000 for a family, and to $30,000 for a single adult who is not a member of a family. Unlimited Exemption of Insurance Benefits From Seizure Under Process: Hearings on S.B. 654 Before the Senate Jurisprudence Comm., 72d Leg. 1 (Mar. 26, 1991) (statement of Senator Parker, sponsor of bill) (copy on file with Texas Senate Staff Services).[3]

---

[2] We note that article 21.22 of the Insurance Code also wholly exempts from seizure under process policy proceeds and cash values to be paid under any health or accident insurance policy, as well as under any life insurance policy. As sections 42.001 and 42.002 of the Property Code only exempt from seizure under process the present value of a life insurance policy, article 21.22 of the Insurance Code does not conflict with sections 42.001 and 42.002 of the Property Code on the matter of health and accident insurance policies. Accordingly, we limit our discussion to proceeds and cash or present values paid under a life insurance policy.

[3] Senator Parker pointed out that the $30,000 exemption for personal property, set in 1973, equalled $78,000 in 1991. Hearings on S.B. 654 Before the Senate Jurisprudence Comm., 72d Leg. 1 (Mar. 26, 1991) (statement of Senator Parker, sponsor of bill) (copy on file with Texas Senate Staff Services); see also id. (testimony of Neal Miller, witness). Thus, in Senator Parker's original bill, he proposed to exempt personal property with an aggregate fair market value in the amount of $76,000 for personal property provided for a family and $38,000 for personal property owned by a single adult who is not a member of a family. By the time the Senate had engrossed the bill, however, the exemption had been cut to $60,000 for personal property provided for a family and $30,000 for personal property

The bill changed the language in a number of other parts of sections 42.001 and 42.002 in ways that the legislature hoped would clarify the law, but most of the changes were nonsubstantive. *See id.* at 2 (testimony of Joseph McKnight, witness); *id.* at 5 (testimony of Mike Maroney, witness). For example, prior to the 1991 amendments, sections 42.001 and 42.002 provided a limited exemption from seizure under process for the "cash surrender value" of a life insurance policy. Senate Bill 654 changed the terminology from "cash surrender value" to "present value." We do not understand this change to be substantive. Accordingly, the "present value" of a life insurance policy, discussed in sections 42.001 and 42.002 of the Property Code, is equivalent to the "cash surrender value" or "cash value" of a life insurance policy, the term that article 21.22 of the Insurance Code uses.[4]

We note that sections 42.001 and 42.002 do not provide any exemption for life insurance policy *proceeds*; they exempt only the cash value of the life insurance policy. On the other hand, article 21.22 expressly exempts life insurance policy proceeds. Thus, the two codes do not conflict on the matter of whether proceeds are exempt from seizure; article 21.22 unquestionably provides that they are wholly exempt. We therefore proceed to consider whether the cash value of a life insurance policy is likewise wholly exempt.

Prior to amendment by Senate Bill 1261, article 21.22 of the Insurance Code exempted from seizure under process "money or benefits of any kind to be paid or rendered to the insured or any beneficiary" under any life insurance policy. Acts 1987, 70th Leg., ch. 5, § 1, at 22. In 1988, the United States Bankruptcy Court for the Northern District of Texas interpreted the former language from article 21.22, section 1 to exempt from seizure only proceeds paid to the policy beneficiaries, not cash surrender values. *In re Brothers*, 94 B.R. 82, 83 (Bankr. N.D. Tex. 1988). Consequently, according to the *Brothers* court, cash surrender values were exempt

---

(footnote continued)
owned by a single adult who is not a member of a family. Both houses of the legislature then passed Senate bill 654 with these amounts left intact.

[4]The "cash surrender value" of a life insurance contract has been defined as the cash value (as determined by rules set forth in the governing statute and the nonforfeiture section of the insurance policy) of a policy that a person having the contractual right to do so has surrendered to the insurer. J. GREIDER & W. BEADLES, LAW AND THE LIFE INSURANCE CONTRACT 439 (1974); *see* 28 T.A.C. § 3.802 (defining "cash surrender value" for purposes of regulating variable life insurance contracts); BLACK'S LAW DICTIONARY 197 (5th ed. 1979) (defining "cash surrender value" and "cash value option"). Throughout the remainder of this opinion, we use the term "cash value" with the understanding that it is equivalent to "present value," as section 42.002 of the Property Code uses "present value," and "cash surrender value."

under section 42.002(7) of the Property Code (now section 42.002(12)) only to the extent that they did not cause the value of the debtor's total claimed exemptions to exceed the aggregate amounts allowed by section 42.001 of the Property Code.

Subsequent to the *Brothers* decision, the legislature amended article 21.22, section 1 expressly to exempt the cash value, as well as the proceeds, of any life insurance policy. The legislature made clear its intent in enacting the amendments to article 21.22. The legislature proposed and enacted Senate Bill 1261 to provide an "unlimited exemption from seizure of certain life . . . insurance benefits." Senate Comm. on Economic Dev., Bill Analysis, S.B. 1261, 72d Leg. (1991). Furthermore, the legislature was keenly aware of the limitation the Property Code placed on proceeds and cash values of life insurance, and intended that article 21.22 of the Insurance Code override the Property Code's limitations on exemptions. *See* Hearings on S.B. 1261 Before the Senate Economic Dev. Comm., 72d Leg. 1 (Apr. 25, 1991) (statement of Senator Parker) (stating that proposed amendments to article 21.22 remove limitation that restricted exemption from seizure for life insurance benefits) (transcript on file with Texas Senate Staff Services); Hearings on S.B. 1261 Before the Senate Economic Dev. Comm., Subcomm. on Ins., 72d Leg. 1 (Apr. 15, 1991) (statement of Senator Harris, sponsor of S.B. 1261) (stating that proposed amendments to article 21.22 would clarify article so that insurance policy benefits "would not be subject to any caps") (transcript on file with Texas Senate Staff Services); *id.* (statement of Dean Davis, Texas Association of Life Under-writers) (stating that existing article 21.22 "runs afoul of . . . what is exempt in the Property Code when it comes to bankruptcy"). The legislature also was aware of bankruptcy situations, such as the situation in *Brothers*, in which creditors would attempt to cap, pursuant to sections 42.001 and 42.002 of the Property Code, the amount of life insurance proceeds and cash values exempted from seizure. *See id.* (statement of Senator Harris); *id.* (testimony of Dean Davis). In accordance with the legislature's express intent, we construe the total exemption provided for the cash value of a life insurance policy in article 21.22, section 1 of the Insurance Code to prevail over the limited exemption provided in sections 42.001 and 42.002 of the Property Code.[5] Life insurance proceeds and cash values thus are wholly exempt from seizure under process.

---

[5]Incidentally, we note that to the extent of any irreconcilable conflict between sections 42.001 and 42.002 of the Property Code and article 21.22 of the Insurance Code, article 21.22 of the Insurance Code more specifically pertains to cash values. *See* Gov't Code § 311.026(b) (stating that special provision prevails over general provision in event of irreconcilable conflict); Attorney General Opinion JM-1137 (1990) at 3 (same). Furthermore, the legislature adopted Senate Bill 1261, amending article 21.22 of the Insurance Code, after Senate Bill 654, amending sections 42.001 and 42.002 of the

In your second question, you ask whether article 21.22 of the Insurance Code exempts from seizure under process individually purchased annuities. You note, as background, that the exemption in article 21.22 "specifically includes benefits under any plan or program of annuities and benefits in use by any employer but omits a reference to individually purchased annuities." *See* Ins. Code art. 21.22, § 1. We note that Senate Bill 1261's proposed amendments to article 21.22 never included a proposal to exempt from seizure individually purchased annuities. Additionally, we find no legislative history indicating that the legislature ever discussed, in the context of Senate Bill 1261, providing complete exemption for individually purchased annuities.[6] In our opinion, these facts conclusively indicate that the legislature intentionally excluded individually purchased annuities from the exemption provided in article 21.22.

## S U M M A R Y

Article 21.22 of the Insurance Code wholly exempts from service under process life insurance proceeds and cash values. The complete exemption provided by article 21.22 prevails over the limited exemption provided to the cash value of a life insurance policy under sections 42.001 and 42.002 of the

---

(footnote continued)
Property Code. *See* Attorney General Opinion JM-1237 (1990) at 4 (stating that statute latest in enactment prevails).

[6]Interestingly, Senate Bill 654, which amended sections 42.001 and 42.002 of the Property Code, originally provided a total exemption from seizure to the "proceeds of any life, health, or accident insurance or annuity policy either before or after being paid . . . to the beneficiary, a member of the family or a dependent of an insured person." *See* Hearings on S.B. 654 Before the Senate Jurisprudence Comm., 72d Leg. 3 (Mar. 26, 1991) (testimony of Laura Smreker, Texas Bankers Ass'n) (transcript on file with Texas Senate Staff Services). She testified that the proposed unlimited exemption of proceeds from annuity policies would provide "some opportunities for debtors to take otherwise non-exempt property . . . and convert those into exempt property that is, is exempt without limitation . . . . [I]t's already extremely difficult to collect unsecured debt in this state and we're very concerned that providing these temptations to debtors to convert property in this manner is going to leave the result that there's [going to] be virtually no assets available to pay unsecured debt if the debtor . . . defaults on his loans and is unable to pay." *Id.* at 3-4. Ms. Smreker's testimony generated a number of questions from the Committee Chair, Senator Green. *See id.* at 4-5.

Property Code. Article 21.22 of the Insurance Code does not exempt from seizure under process individually purchased annuities.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly Oltrogge
Assistant Attorney General