Marsha G. MILLIGAN, as Chapter 7 Trustee, Appellant,

v.

Charles Frederick TRAUTMAN and Carol Jean Trautman, Appellees.

No. A–05–CA–425–LY.

United States District Court, W.D. Texas, Austin Division.

March 10, 2006.

774

Eric J. Taube, Hohmann, Taube & Summers, L.L.P., Austin, TX, for debtors.

Charles Randall Carr, Diamond McCarthy Taylor & Finley, LLP, Austin, TX, for Marsha G. Milligan, appellant.

## MEMORANDUM OPINION AND ORDER

YEAKEL, District Judge.

Before the Court in the above styled cause of action is the appeal of Marsha Milligan, as Chapter 7 Trustee for Appellees Charles and Carol Trautman's bankruptcy estate, from the Bankruptcy Court's Order Denying Objection To Exemptions, signed April 11, 2005. At issue is whether a check received by the Trautmans before their bankruptcy petition was filed, from Northwestern Mutual Life upon cancellation and surrender of a life insurance policy and which they retained on their petition date, is exempt from their bankruptcy estate under the Texas exemption provision of the Texas Insurance Code. *See* Tex. Ins.Code Ann. § 1108.051 (West Pamphlet 2005) ("Section 1108.051"). The parties submitted briefs on the issue

(Clerk's Document Nos. 4, 5, & 6) and on November 1, 2005, the Court board oral argument, at which both parties were represented by counsel. After considering the briefs, the arguments of counsel, the file, and the applicable law, the Court is of the opinion that Milligan's objection was proper and that the Bankruptcy Court should have denied the Trautmans' Section 1108.051 exemption. Consequently, this Court concludes that the Bankruptcy Court's order decrying Milligan's objection should be reversed.

### Stipulated facts

Before filing for bankruptcy protection, the Trautmans held Northwestern Mutual life insurance policy number 13066339 (the "Policy") insuring the life of Charles Trautman. On November 24, 2004, the Trautmans, before filing for bankruptcy protection, canceled and surrendered the Policy. At cancellation, the Policy had a gross cash value of $95,239.96, and an outstanding loan balance of $67,327.08, resulting in a net cash value of $27,912.88. On November 24, upon receiving notice that the Trautmans were canceling the Policy, Northwestern Mutual tendered to Mr. Trautman a check in the amount of $27,912.99 ("the Check").[1] The Trautmans filed a voluntary joint petition in bankruptcy under Title 11 United States Code,

chapter 7 on December 7, 2004 (the "Petition Date"). On that date, they still retained the Check, uncashed.

The Trautmans elected to exempt property of their bankruptcy estate under Texas state law, and on December 12, they filed schedules, statements, and a summary, which lists their assets, debts, creditors, and other information.[2] The Trautmans claimed as exempt property a check from Northwestern Mutual in the amount of $27,912.00 (presumably the Check) based upon Section 1108.051. Milligan timely objected to the claimed exemption and the Trautmans responded. Following a hearing, the Bankruptcy Court signed an order that denied Milligan's objection, which she has timely appealed. This Court, thus has jurisdiction over the appeal. *See* 28 U.S.C. § 158(a).

### Analysis

■ Determining whether an exemption applies to property that otherwise would be part of a debtor's bankruptcy estate is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B). When reviewing a Bankruptcy Court's decision in a core proceeding, the district court functions as an appellate court and applies the standard of review generally applied in federal-court appeals. *See Webb v. Reserve Life Ins.*

---

1. Schedule C of the Trautmans' filings, which is an itemized list of the personal property for which they claim exemptions, reflects an entry for a check from Northwestern Mutual Life in the amount of $27,912.00. The parties' stipulated facts reflect the net cash value of the Policy at date of surrender was $27,912.88 and that the check issued by Northwestern Mutual was in the amount of $27,912.99. The reason for these different amounts is unexplained. The Court finds the varying nominal amounts are insignificant to the resolution of the issue presented.

2. Upon commencement of a bankruptcy case all legal and equitable interests of a debtor in property become part of the bankruptcy estate. *See* 11 U.S.C. § 541; *Walden v.*

*McGinnes,* 12 F.3d 445, 448 (5th Cir.1994). The debtor may, however, exempt certain property from the estate, placing that property beyond the reach of creditors' claims. *See* 11 U.S.C. § 522; *Walden,* 12 F.3d at 448. The debtor may elect to exempt property under either the federal exemption scheme or exemptions under state law, if available. *See* 11 U.S.C. § 522(b)(2). In Texas a debtor may elect either the federal scheme or the state scheme. *See id.; Matter of Volpe,* 943 F.2d 1451, 1452 (5th Cir.1991). Exemptions are governed by the federal or state law applicable on the filing date of the petition. *See* 11 U.S.C. § 522(b)(2)(A); *White v. Stump,* 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301 (1924).

*Co.*, 954 F.2d 1102, 1103–04 (5th Cir.1992). This appeal presents a single legal issue, a question of statutory interpretation-whether the Check qualifies as exempt property under Section 1108.051; there are no disputed facts. District courts review questions of law from bankruptcy proceedings *de novo*; therefore, this Court will make a judgment independent of the Bankruptcy Court's and without deference to that court's analysis and conclusions. *See Coston v. Bank of Malvern*, 987 F.2d 1096, 1099 (5th Cir.1992).

■ At issue is whether Section 1108.051, which provides an exemption for insurance and annuity benefits, applies and exempts the Check from the Trautmans' bankruptcy estate. Section 1108.051 provides:

(a) Except as provided by Section 1108.053, this section applies to any benefits, including the cash value and proceeds of an insurance policy, to be provided to an insured or beneficiary under:

(1) an insurance policy or annuity contract issued by a life, health, or accident insurance company, including a mutual company or fraternal benefit society; or

(2) an annuity or benefit plan used by an employer or individual.

(b) Notwithstanding any other provision of this code, insurance or annuity benefits described by Subsection (a);

(1) insure exclusively to the benefit of the person for whose use and benefit the insurance or annuity is designated in the policy or contract; and

(2) are fully exempt from;

(A) garnishment, attachment, execution, or other seizure;

(B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary, either before or after the benefits are provided; and

(C) a demand in a bankruptcy proceeding of the insured or beneficiary.

Section 1108.051.

Milligan contends that Section 1108.051 applies only to insurance benefits, which the Check is not, because the Trautmans received it upon cancellation and surrender of a life insurance policy before their Petition Date. She further contends that based on the language of the section, when cash is distributed upon *surrender* of an insurance policy, as the Check was here, it is not a benefit "to be provided to an insured" "under" a policy. Milligan also contends that the Check is not within the two specifically mentioned categories of insurance benefits in subsection (a) of Section 1108.051, cash value and proceeds. She contends the Check is not "cash value of a policy to be provided," "under" a policy, because, on the Petition Date, no policy existed to which cash value could attach. She also contends the Check is not policy proceeds "to be provided" "under" a policy, because the Check was not paid "under" the policy upon a triggering event such as death, injury, or medical necessity.

Milligan also argues that to consider the Check an insurance benefit contradicts a plain reading of the statute and is inconsistent with the public policy objective that underlies the exemption, which is to protect insurance benefits intended for policy beneficiaries from bankruptcy forfeiture. By canceling and surrendering the Policy, Milligan contends that any need or cause for a Section 1108.051 exemption is obviated, as no longer is there a policy under which benefits will be paid and no longer is there any beneficiary's interest to protect. Milligan argues that the Check is nothing more than a cash disbursement to the Trautmans, which is indistinguishable from

their other cash assets, and should be included in their bankruptcy estate.

The Trautmans respond that a plain reading of the statute indicates that the Texas Legislature intended to provide for the result obtained in the Bankruptcy Court and allow a Section 1108.051 exemption because the Check, although disbursed to the Trautmans before the Petition Date, was, on the Petition Date, an identifiable fund held discreetly from other assets, and *represents* the cash value of the Policy, which was provided to the insured. The Trautmans contend that this result provides meaning to Section 1108.051(b)(2)(B) that states that benefits, including cash value, are fully exempt to pay a debt of *an insured* "either before or after the benefits are provided."

The parties have not directed this Court to, not has the Court found, any Supreme Court, Fifth Circuit, or federal district-court case interpreting Section 1108.051 in a context analogous to what is presented in this cause.[3] Several bankruptcy courts have addressed the Section 1108.051 exemption, although again not as to the issue presented to this Court. In doing so, such courts have extensively reviewed the Texas Legislature's intent and the statutory progress of the predecessor to Section 1108.051, Article 21.22(1) of the Texas Insurance Code. *See* Act of May 30, 1993, 73d Leg., R.S., ch. 685, § 20.20, art. 21.22, 1993 Tex. Gen. Laws 2559, 2706 ("Article 21.22(*l* )").[4] The issue presented regarding Article 21.22(1) is the statutory interpretation and interplay of the general personal-property exemption provisions of Texas Property Code Chapter 42[5] and the more directed Article 21.22(1) exemption for cash values of annuities or life insurance policies in *existence* on the debtor's petition date. *See, e.g., In re Scott,* 193 B.R. 805 (Bankr.N.D.Tex.1996); *In re Borchers,* 192 B.R. 698 (Bankr.W.D.Tex.1996); *In re Shurley,* 163 B.R. 286 (Bankr.W.D.Tex. 1993); *In re Bowes,* 160 B.R. 290 (Bankr. N.D.Tex.1993); *In re Brothers,* 94 B.R. 82 (Bankr.N.D.Tex.1988). One bankruptcy court, in addition to addressing the cash value of life insurance policies existing on the debtor's petition date, also addressed proceeds paid to a debtor-beneficiary before her petition date. *See In re Young,* 166 B.R. 854 (Bankr.E.D.Tex.1994) (debtor's two "life insurance proceeds access accounts" in existence on petition date, which contained proceeds of death benefits paid as a result of insured's, the debtor's husband's, death and cash value of debtor's two life insurance policies). In all of these cases, the issues surrounded cash values of insurance policies in existence on the debtors' bankruptcy petition dates. This Court is unaware of any case applying the Section 1108.051 exemption to cash received by a debtor, upon *surrendering* an insurance policy *before* the debtor's bankruptcy petition date.

■■■ As the issue presented involves the interpretation and construction of a Texas statute, this Court applies a statutory analysis that a Texas court would. *See LaSalle Bank Nat'l Assoc. v. Sleutel,* 289

3. Due to the lack of case law on point, this Court may find persuasive the reasoning of bankruptcy-court decisions. *Cf. Carrieri v. Jobs.com, Inc.,* 393 F.3d 508, 524 (5th Cir. 2004) (reasoning persuasive even though bankruptcy-level decision from another circuit).

4. In 2001 the Texas Legislature, in a nonsubstantive revision of statutes relating to insur-

ance, repealed Article 21.22(1) and enacted Section 1108.051. *See* Act of May 22, 2001, 77th Leg. R.S., ch. 1419, §§ 2,31 & 32, 2001 Tex. Gen. Laws 4073, 4208, 4209.

5. Tex. Prop.Code Ann. §§ 42.001–.005 (West 2000 & Supp.2005) (personal property exemption and items of personal property subject to the exemption).

F.3d 837, 839 (5th Cir.2002). "In Texas the cardinal rule of statutory construction is to ascertain the 'legislature's intent,' and to give effect to that intent. The duty of the court is to construe a statute as written and ascertain the legislature's intent from the language of the act." *Id.* (quoting *McNeil v. Time Ins. Co.*, 205 F.3d 179, 183 (5th Cir.2000)); *see also Centerpoint Energy Houston Elec. LLC v. Harris County Toll Rd. Auth.*, 436 F.3d 541, 545–46 (5th Cir.2006). A court may not read statutes to make their words superfluous or insignificant. *Scott*, 193 B.R. at 809 (citing *Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 970–71 (5th Cir.1981)). This teaching takes on special importance when a federal court construes a state statute *Scott*, 193 B.R. at 809. Only if intent cannot be determined from the text of the statute will the Court look to other sources, which if necessary in this case would be the Texas Code Construction Act.[6] *See Centerpoint Energy*, 436 F.3d 541, 545–46. Additionally, this Court recognizes that federal courts "are given more than firm guidance in our interpretation by the Texas courts' longstanding admonition that exemption statutes are to be liberally construed in favor of the claimant." *Walden v. McGinnes*, 12 F.3d 445, 448 (5th Cir.1994).

***Legislative progress of Article 21.22(I) is Section 1108.051***

Article 21.22(1) was originally enacted in 1927 and provided,

> No money or benefits of any kind to be paid or rendered on a weekly, monthly or other periodic or installment basis to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company; including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer shall be liable to execution, attachment, garnishment, or other process or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered, except for premiums payable on such policy or a debt of the insured secured by a pledge thereof.

Act Approved March 30, 1927, 40th Leg., R.S., ch. 234, 1927 Tex. Gen. Laws 348 (appeared originally as Tex.Rev.Civ. Stat. 5068a). Since the statute's enactment, the Legislature has twice, in 1951[7] and 2001,[8] revisited it for nonsubstantive revisions and codifications, and on three occasions, in 1987, 1991, and 1993, has substantively amended it.

In 1987 the Texas Legislature amended Article 21.22(1), eliminating the phrase "on a weekly, monthly, or other periodic or installment basis" to make clear that the section applies to *any* benefits. *See* Act of March 12, 1987, 70th Leg., R.S., Ch. 5, 1987 Tex. Gen. Laws 22. This amendment eliminated any distinction in the applicability of the exemption to benefits based on the method of payment. *See Young*, 166 B.R. at 857.

Following the 1987 amendment, the *Brothers* bankruptcy court rendered an opinion addressing cash values of life insurance policies, holding that as to life insurance policies in existence on the date

---

**6.** Tex. Gov't Code Ann. §§ 311.001–.027 (West 2005).

**7.** In 1951 the Texas Legislature arranged and codified the statutes related to insurance, repealed Tex.Rev.Civ. Stat. 5068a, and enacted Article 21.22 of the Texas Insurance Code without any substantive amendment. *See* Act of June 7, 1951, 52d Leg., R.S., ch. 491, §§ 1, 4, 1951 Tex. Gen. Laws 868, 1076, 1091–92.

**8.** *See supra* note 4.

the bankruptcy petition was filed, the cash value was exempt *only in part* under Article 21.22(1), as the amount of the exemption was limited by the exemption provisions of the Chapter 42 of the Texas Property Code, which allow debtors to maintain a limited amount of life insurance for the protection of their families. 94 B.R. at 85–86. The court noted that cash values "are available to the debtor at any time he [ ] might wish to terminate the insurance contract, or convert the funds to paid up insurance, therefore they are also available to the Trustee." *Id.* at 85.

The 1991 Texas Legislature added the following italicized portions to the beginning of Article 21.22(1), "*Notwithstanding any provision of this code other than this article, all* money or benefits of any kind, *including policy proceeds and cash values,* to be paid or rendered to the insured or any beneficiary under any policy of insurance ...." *See* Act of May 22, 1991, 72d R.S. Ch. 609 § 1, 1991 Tex. Gen. Laws 2217. This provision was added to provide for an unlimited exemption for insurance proceeds and it expanded the exemption "to provide for a total exemption of life insurance cash values [,] which prevails over the conflicting portion of Section 42.001 of the Texas Property Code." *See Borchers,* 192 B.R. at 705. The 1991 amendment also added what now appears as subsection (b)(1), which provides that the benefits referred to in subsection (a) "*Insure exclusively to the benefit of the person for whose use and benefit the insurance is designated in the policy; and (2) be fully exempt*" under certain circumstances, including from all demands in any bankruptcy proceeding of the insured or beneficiary. *See* Act of May 22, 1991, 72d R.S. Ch. 609 § 1, 1991 Tex. Gas. Laws 2217.

The last substantive amendment to Article 21.22(1) occurred in 1993, by which the Texas Legislature included annuity contracts, along with the particular types of insurance policies, and made other changes to clarify that all annuity contracts issued by qualifying companies in use by an employer or individual shall be considered a policy or contract of insurance. *See* Act of May 30, 1993, 73d R.S., Ch. 685, § 20.20, 1993 Tex. Gen. Laws 2559, 2706.

Finally, as noted previously, in 2001 the Texas Legislature revised Article 21.22(1) in a nonsubstantive manner, and recodified it as Section 1108.051.[9]

### Applying Section 1108.051

In this action, each party contends that the *Young* court's reasoning supports its position. *See* 166 B.R. at 857–61. Two distinct questions regarding Article 21.22(1) were presented to the *Young* court: (1) the debtor, as a beneficiary under a life insurance policy, claimed as exempt death benefits, which were paid into separate "life insurance proceeds access accounts" erected shortly after the death of the insured, her husband, and before her petition date; and (2) the debtor, as an insured under a policy, claimed as exempt the cash value of two existing life insurance policies, under which her adult daughters were the beneficiaries: 166 B.R. at 855–61. The *Young* court agreed with the debtor in both instances.

The Trautmans argue that applying the portion of *Young* that addresses cash values in conjuration with the portion of the opinion that addresses the death benefits from the insurance policy, which were already paid as of the debtor's petition date, to the facts in this action leads to the conclusion that the Check is exempt under Section 1108.051.

---

**9.** *See supra* note 4.

Milligan argues that despite *Young's* factually different scenario from what is before this Court, the reasoning in *Young* is proper and supports the conclusion that the exemption does not apply to the Check. Specifically, Milligan argues that because the undisputed life insurance benefits in *Young*, in the first instance, were paid into an account, they bad been provided to a beneficiary *under* a policy of insurance and inured exclusively to the benefit of the person for whose use and benefit the insurance was designated in the policy—the debtor in *Young*, as specifically described in the exemption provision. Regarding the second instance, Milligan argues the *Young* court correctly determined that regarding the existing life insurance policies, in which the debtor was the owner and the insured, the debtor could claim the exemption for the cash value of the policies and was not required to contribute the cash value of the *existing* life insurance policies.

The Court finds useful the extensive review of the statutory history of Article 21.22(1) by the *Young* court. 166 B.R. at 857–61; *see also Borchers*, 192 B.R. at 700–06. The Court finds particularly important the factual difference between this action and *Young* to be that the debtor in *Young* did not *cancel or surrender* an insurance policy *before* her petition date, as the Trautmans did here.

In this Court's review of Section 1108.051(a), titled "Exemptions for Certain Insurance and Annuity Benefits," subsection (a) provides that the exemption applies to *any benefits* of an insurance policy and contains inclusive language referring to "cash value and proceeds." Subsection (a) then sets out the particular types of insurance policies that are covered by the exemption, and specifically provides for what constitutes a benefit for purposes of the exemption. The statute provides that the exemption applies to any benefits, including cash value and proceeds of a policy, that are *"to be provided to an insured or beneficiary under:* (1) *an insurance policy* . . . ." Section 1108.051(a) (emphasis added). Also, important is the portion of the 1991 amendment that further defined a benefit in subsection (a) as those that *"inure exclusively to the benefit* of the person for whose use and benefit *the insurance* or *annuity is designated in the policy or contract."* Section 1108.051(b)(1) (emphasis added).

Reviewing and parsing the text of Section 1108.051(b)(2) reveals that the benefits described in subsection (a) "are fully exempt from . . . (C) a demand in a bankruptcy proceeding." Section 1108.051(b)(2)(C). Additionally, Section 1108.051(b)(2) provides that the benefits described in subsection (a) "are fully exempt from . . . (B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary *either before or after the benefits are provided."* Section 1108.051(b)(2)(B) (emphasis added). The Court finds that the portion of subsection (b)(2)(B) stating, "either before or after the benefits are provided" explains that it does not matter *when* the legal or equitable *taking process* occurs, it can be either before or after the benefits described in subsection (a) are provided.

After considering the plain language of the statute, the arguments of counsel and the applicable law, the Court respectfully disagrees with the Bankruptcy Court's ruling and the Trautmans' arguments. The Trautmans would have this Court determine that the Legislature's expressed intent in Section 1108.051 is to include within the exemption, not only cash values of insurance policies that exist on a debtor's bankruptcy petition date, but also to include any cash amounts received by a

debtor-insured at any time before the petition date upon the cancellation and surrender of an insurance policy, so long as the funds are maintained separate and apart from all other cash assets. To join the Trautmans' position, this Court would have to determine that the cash received upon cancellation of an insurance policy before the petition date is a benefit *covered* by Section 1108.051. Lacking from the statute is language that leads this Court to find that the Check is a benefit within the parameters of Section 1108.051.

The Court finds important the language in Section 1108.051 that a benefit, subject to this exemption, is one that is *to be provided to on insured or beneficiary under* an insurance policy and is one that insures exclusively to the benefit of the person for whose use and benefit the insurance is designated in the policy. Although cash value is specifically mentioned as a benefit in subsection (a), and indeed the amount of the Check was determined by the Policy's cash value as of date of surrender, no policy existed on the Petition Date. Therefore, the cash paid upon surrender *before* the Trautmans' Petition Date cannot be, on the Petition Date, "to be provided" "under" a policy of insurance.

The Court finds the *Young* court's analysis related to cash value well-reasoned and persuasive. The Court agrees with the Trautmans to the extent that the cash value of an insurance policy is exempt under Section 1108.051. However, contrary to the insurance policies addressed by the *Young* court and other bankruptcy courts, which were continuing, existing policies on the debtor's petition date, in this instance, on the Trautmans' Petition Date, the Trautmans no longer held a policy for which the cash value could be exempted under Section 1108.051.

### Conclusion

The Court finds that on the Trautmans' Petition Date, the Policy from which the Check derived no longer existed, as it had previously been surrendered by the Trautmans. The Court further finds that the Check is nothing other than cash received upon surrender of an insurance policy before the Trautmans' Petition Date. In reviewing Milligan's objection to the Trautmans' exemption claim under Section 1108.051, the Court finds that the Check is not cash value *to be provided to an insured* or beneficiary *under* an insurance policy that *inures exclusively to the benefit of the person for whose use and benefit the insurance is designated in the policy.* The Court concludes that the Check does not qualify as exempt property under Section 1108.051, Milligan's objection was proper, and the Bankruptcy Court's order denying the objection should be reversed.

**IT IS ORDERED** that Milligan's appeal from the Bankruptcy Court's order signed April 11, 1995, which denied her objection to the Trautmans' Section 1108.051 exemption for the Check issued by Northwestern Mutual Life upon cancellation of its life insurance policy number 13066339, and tendered to the Trautmans, is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Order Denying Objection To Exemptions, signed April 11, 2005, is **REVERSED.**

**IT IS FURTHER ORDERED** that the Check shall be included in the Trautmans' bankruptcy estate.

**IT IS FURTHER ORDERED** that the Trautmans surrender the Check or an equivalent amount of funds for the benefit of the Trustee and the estate, as they are not entitled to claim a Section 1108.051 exemption for the Check.