**In re Peter Curtis BOWES and Diane Elizabeth Bowes, Debtors.**

Bankruptcy No. 293–20135–7.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Oct. 29, 1993.

Don D. Sunderland, Mullin, Hoard & Brown, L.L.P., Amarillo, TX, for trustee.

Ronald E. Walker, Jr., Amarillo, TX, for debtors.

## MEMORANDUM OF OPINION ON EXEMPTION OF LIFE INSURANCE CASH VALUE

JOHN C. AKARD, Bankruptcy Judge.

The parties asked the court to interpret provisions of the Texas Property Code and the Texas Insurance Code, both of which refer to exemption of life insurance cash value. The Debtors sought to exempt personal property with a value of approximately $57,000 and life insurance with a cash value of approximately $77,000. The Chapter 7 Trustee objected to the claimed exemptions, asserting that they exceeded the $60,000 personal property exemption allowed for a family under the Texas Property Code. The court concludes that the Insurance Code permits the Debtors to exempt the full $77,000 cash value of their insurance policies, but in so doing they exhaust the $60,000 personal property exemption under the Property Code and, thus, their request to exempt other personal property must be denied.[1]

## FACTS [2]

The facts are not disputed. The issue is statutory interpretation of the exemption sections of the Texas Property Code and the Texas Insurance Code.

Historically, the Texas exemption statutes allowed a family to claim a laundry list of personal property free from the claims of creditors. Although specific items in the list and the total value of personal property which could be exempted changed from time to time, the list included the cash surrender value of life insurance policies owned by the debtor.[3] The current versions of that statute appear at TEX.PROP.CODE ANN. § 42.001 (Vernon Supp.1993), which establishes a $60,000 maximum value for a family or a $30,000 maximum value for a single adult who is not a member of a family and TEX.PROP.CODE ANN. § 42.002(a)(12) (Vernon Supp.1993), which includes in the laundry list of exemptible personal property "the present value of any life insurance policy to the extent that a member of the family of the insured, or a dependent of a single insured adult claiming the exemption is a beneficiary of the policy." The current version of both sections was adopted effective May 24, 1991.

For a number of years, the Texas statutes contained a separate exemption for the proceeds of an insurance policy which were payable in installments. In 1987, that statute was amended so that lump sum benefits also became exempt. *In re Brothers,* 94 B.R. 82 (Bankr.N.D.Tex.1988). In *Brothers,* Judge Abramson held that the cash surrender value of an insurance policy was not covered by the insurance statute; rather it was covered by the provisions of the Texas Property Code.

Effective June 15, 1991, the Texas Legislature amended article 21.22 of the Texas Insurance Code to provide a very broad exemp-

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A).

2. The court adopts the parties' Stipulation on Trustee's Objection to Debtors' Exemptions. The stipulation referred to a dispute concerning the

value of jewelry, but that dispute settled and the Debtors claim $15,000 worth of jewelry as exempt. The Trustee does not dispute that $15,000 is the proper maximum limit for the jewelry exemption. The court will state only the facts necessary to decide this matter.

3. Earlier versions of the statute required that the policy be in force for at least two years and that the beneficiary of the policy be a member or members of the family.

tion for insurance benefits. The statute, entitled Unlimited Exemption of Insurance Benefits from Seizure Under Process, provides that "all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer" shall be exempt.

## POSITIONS OF THE PARTIES

The Trustee agreed that the Insurance Code provides an unlimited exemption for insurance cash values and, thus, did not contest the Debtor's claim to the entire $77,000 cash value as exempt. However, the Trustee argued that this court must give effect to all Texas statutes. Thus, in determining the Debtors' personal property exemptions under the Property Code, the Trustee averred the Debtors must include the insurance cash value when calculating the personal property exemption—which is limited to $60,000 in this case. In effect, the Trustee argued that the Debtors could keep the full $77,000 insurance cash value, but in exchange they could not claim any other personal property as exempt.

The Debtors argued that they are entitled to claim both the exemptions granted by the Property Code and those afforded by the Insurance Code. They contended that the two statutes conflict and that the provisions of the Insurance Code should prevail. They offered two arguments for this proposition. First, they pointed out that the most recent amendments to the applicable portions of the Property Code are contained in Chapter 175 of the Acts of the 72nd Legislature and were effective May 24, 1991. At the time the Debtors' bankruptcy was filed, the most recent amendment to the applicable provisions of the Insurance Code were contained in Chapter 609 of the Acts of the 72nd Legislature, effective June 15, 1991. Minor amendments, which have no bearing on the issue at hand, were added to article 21.22 of the Insurance Code by Chapter 685 of the Acts of the 73rd Legislature, effective September

1, 1993. The Debtors then pointed to the Texas Government Code § 311.025(a), which provides "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." The Debtors concluded that the Insurance Code provisions prevail because they were enacted later in the 72nd Legislature and were reenacted in the 73rd Legislature.

Second, the Debtors cited Opinion No. DM–125 of the Texas Attorney General dated June 9, 1992. The opinion, addressed to Ms. Georgia D. Flint, Commissioner of the Texas Department of Insurance, stated that the Attorney General found the term "present value" in the Property Code equivalent to "cash surrender value" or "cash value" as those terms appeared in the Insurance Code. Pointing to the legislative history, the Attorney General concluded that:

[i]n accordance with the Legislature's express intent, we conclude the total exemption provided for the cash value of a life insurance policy in Article 21.22, Section 1 of the Insurance Code to prevail over the limited exemption provided in sections 42.-001 and 42.002 of the Property Code. Life insurance proceeds and cash values thus are wholly exempt from seizure under process.

*Id.* at 5.

## DISCUSSION

In the Texas Government Code, the Texas Legislature gave Texas courts instruction in construing statutes.

### § 311.023. Statute Construction Aids

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history; .

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988).

### § 311.026. Special or Local Provision Prevails Over General

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988).

■ Texas courts have a long tradition of construing exemptions liberally. *Meritz v. Palmer (In re Meritz),* 266 F.2d 265 (5th Cir.1959); *Hickman v. Hickman,* 149 Tex. 439, 234 S.W.2d 410 (1950). Exemptions in bankruptcy are determined by the laws in effect on the date the petition is filed. *Stinson v. Williamson (In re Williamson),* 804 F.2d 1355, 1359 (5th Cir.1986). Consequently, the 1993 amendments to the Texas Insurance Code are inapplicable to this decision.

In interpreting a statute, the Texas courts place great emphasis on legislative intent.

> To be observed is that it is to be presumed that in enacting legislation the Legislature intended a just and reasonable result and a result feasible of execution is intended. Whether or not a statute be deemed ambiguous on its face we are obliged, in its construction, to consider among other things the object sought to be obtained and the consequences of any particular construction.
>
> . . . .
>
> The Legislative intent has always been a matter proper to be considered in statutory construction. Also it has long been considered proper to look to the policy and spirit of the law when injustice will result from the construction of a statute according to its ·literal import; to seek to construe it so as to avoid such a result where that is possible.

*Cole v. Texas Employment Comm'n,* 563 S.W.2d 363, 367 (Tex.Civ.App.—Fort Worth 1978, *writ dism'd* ).

In determining whether statutes of repose should apply only to tort actions, or both to tort and contract actions, the Dallas Court of Civil Appeals said:

> If we interpret the statutes of repose as narrowly as suggested by DMC, then we perpetuate the very problem that the legislature intended to address. We must presume that the legislature intended a just and reasonable result in passing the statutes.

*Dallas Mkt. Ctr. Dev. Co. v. Beran & Shelmire,* 824 S.W.2d 218, 222 (Tex.Civ.App.— Dallas 1991, *writ denied* ).

■ Both cited cases relate to the construction of one statute. The court has not found, nor has it been cited to, any Texas case concerning an apparent conflict between two statutes. However, it is a strong tenet of statutory construction that the court should construe statutes in such a way as to give meaning and effect to their intent and beneficial purposes, not to defeat them. *Colorado Health Care Ass'n v. Colorado Dept. of Social Services,* 842 F.2d 1158 (10th Cir. 1988); *In re Ziegler,* 136 B.R. 497, 501 (Bankr.N.D.Ill.1992) (stating that where two statutes deal with the same subject matter, they should be read *in pari materia* and harmonized when possible.)

■ Statutory interpretation begins with the language of the statute itself. *Texas Instruments Inc. v. United States Int'l Trade Comm'n,* 988 F.2d 1165 (Fed.Cir.1993) (citing *Mallard v. United States Dist. Court for S. Dist. of Iowa,* 490 U.S. 296, 300–01, 109 S.Ct. 1814, 1817–18, 104 L.Ed.2d 318 (1989)). It is clear from a reading of article 21.22 that the Texas Legislature intended an unlimited exemption for insurance policy benefits and cash values. However, the Debtors would have us interpret the Insurance Code to provide that a debtor is entitled to exempt all insurance proceeds and cash values *in addition to* all of the personal property allowed

294

as exempt under the Texas Property Code. The Attorney General's Opinion discussed above does not address that issue. It is not clear to this court that the Texas Legislature intended such a result. The 1991 Legislature amended both statutes and could have deleted the reference to insurance policy cash values from the Property Code; it did not do so.

Nothing in the construction aids of the Texas Government Code suggests a different result. The two statutes in question were passed less than a month apart by the same session of the Legislature. There is nothing to indicate that the Legislature did not mean what it said in passing these statutes. The court concludes that the Legislature intended that both of them be followed.

The court agrees with the Attorney General that, for these purposes, the term "present value" of an insurance policy in the Texas Property Code means the same thing as the term "cash value" in the Insurance Code. The construction urged by the Debtors would have this court judicially remove the present value of insurance from the Property Code. In the Bankruptcy Code, Congress allowed debtors to elect the state exemptions. *See* 11 U.S.C. § 522(b)(2). Therefore, in deciding upon exemptions, this court is bound to follow the Texas statutes as enacted by the Texas Legislature. The court must decline the Debtors' invitation to judicially modify the Texas Property Code.

The Debtors asserted that the statutes are in irreconcilable conflict and the Texas Insurance Code, being the most recent, should prevail. The court does not perceive such a conflict. The two statutes can be read together and the court can give effect to the legislative mandates in both statutes. The Debtors can claim the full $77,000 of insurance cash value as exempt under the Insurance Code. In so doing, they exhaust the personal property exemptions provided by the Property Code; indeed, they receive $17,000 more in exempt property than they would otherwise be entitled to receive under the Property Code.

4. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to

## CONCLUSION

Giving effect to both the Insurance Code exemption statute and the Property Code exemption statute, the court holds that the Debtors' claim of exemption for the cash surrender value of their life insurance policies should be allowed in full and their claim of exemption to any other personal property should be denied. The purpose of exemption laws is to work a balance between protecting debtors from destitution and allowing creditors to obtain payment on legitimate debts from debtors' assets. In this case, the Debtors have an option to retain $77,000 in cash surrender value of life insurance policies to begin the fresh start which bankruptcy provides. From these funds, the Debtors may replace their other personal property if they care to do so. The court's ruling is not unduly harsh, nor will it prevent the Debtors from obtaining a fresh start.

The court expresses no opinion as to whether the Debtors can claim a portion of the insurance and a portion of the personal property to reach the total $60,000 exemption. The Debtors shall have 20 days from the entry of an order in connection with this Memorandum in which to file an amendment to their claim of exemptions. Failing that, the exemptions will stand as ordered.

ORDER ACCORDINGLY.[4]

Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.