**In re Marion J. BORCHERS and Wife, Robbie W. Borchers, Debtors.**

**Bankruptcy No. 95–52810–LMC.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

Jan. 31, 1996.

Martin W. Seidler, Law Offices of Martin W. Seidler, San Antonio, Texas, for Debtors.

Vincent L. Hazen, Liddell, Sapp, Zivley, Hill & LaBoon, L.L.P., Austin, Texas, for Creditor Victoria Bank & Trust Company.

### DECISION AND ORDER ON OBJECTION TO THE DEBTORS' CLAIM OF EXEMPTIONS

LEIF M. CLARK, Bankruptcy Judge.

**CAME ON** for consideration the objection of Victoria Bank & Trust Company (the "Bank") to the Debtors' claim of exemptions. The dispute is over the Debtors claiming as exempt $48,490 worth of assorted personal property, and also claiming as exempt $44,-747.31 worth of life insurance policies.[1] This, says the Bank, places the Debtors over the $60,000 cap on personal property exemptions imposed by section 42.001 of the Texas Property Code. TEX.PROP. CODE ANN., § 42.001 (Vernon Supp.1996). The Debtors respond that this cap does not apply to insurance policies, which enjoy a separate, "unlimited" exemption under article 21.22 of the Texas Insurance Code. TEX.INS. CODE ANN., art. 21.22 (Vernon Supp.1995).

---

1. The $44,747.31 figure represents the sum of the current market values of eleven (11) different policies claimed as exempt by the Debtors.

### Statutory Conflict

The Texas Insurance Code specifically exempts from the claims of creditors both proceeds and cash values of many types of insurance policies. The relevant portion of the Insurance Code provides:

Art. 21.22. Unlimited Exemption of Insurance Benefits From Seizure Under Process.

Sec. 1. Notwithstanding any provision of this code other than this article, all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer, shall:

(1) inure exclusively to the benefit of the person for whose use and benefit the insurance is designated in the policy;

(2) be fully exempt from execution, attachment, garnishment or other process;

(3) be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and

(4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

TEX.INS. CODE ANN., art. 21.22 (Vernon Supp. 1995).

The Bank argues that, notwithstanding the express language of Article 21.22, a debtor's ability to exempt the cash value of his insurance policies is limited by the all-encompassing exemption scheme for personal property enunciated in the Texas Property Code. The Property Code's exemption scheme for personalty is organized into two parts: (1) section 42.002 sets out a laundry list of the kinds of personal property which may be claimed as exempt, and (2) section 42.001 places an aggregate limit (in dollar value) on the amount or value of such personal property that may be claimed as exempt. The two statutes, in pertinent part, provide:

§ 42.002. Personal Property.

(a) The following personal property is exempt under Section 42.001(a):

. . . . .

(12) the present value of any life insurance policy to the extent that a member of the family of the insured or a dependent of a single insured adult claiming the exemption is a beneficiary of the policy.

§ 42.001. Personal Property Exemption.

(a) Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if:

(1) the property is provided for a family and has an aggregate fair market value of not more than $60,000 . . .

(b) The following personal property is exempt from seizure and is *not included* in the aggregate limitations prescribed by Subsection (a):

(1) current wages for personal services, except for the enforcement of court ordered child support payments;

(2) professionally prescribed health aids of a debtor or a dependent of a debtor.

TEX.PROP. CODE ANN., §§ 42.001, 42.002 (Vernon Supp.1996). (emphasis added).

The statutes are facially at odds with one another. The Property Code, purporting to set out this state's overall rules for exempting personal property from the claims of creditors, places a dollar cap on the value of such property that can be retained. The statute also purports to describe the entire universe of personal property which can be claimed as exempt. Meanwhile, the Insurance Code grants an exemption in a broad variety of insurance instruments and benefits—broader in fact than the category for insurance found in the Property Code's exemption scheme. The Insurance Code also expressly states that the exemption is unlimited, in direct contravention of the dollar value limit stated in the Property Code. This facial inconsistency has generated a number of cases which have tried to reconcile the two statutes. *See In re Shurley,* 163 B.R. 286 (Bankr.W.D.Tex.1993) (King, B.J.); *In re Young,* 166 B.R. 854 (Bankr.E.D.Tex.

1994) (Sharp, B.J.); *In re Bowes*, 160 B.R. 290 (Bankr.N.D.Tex.1993) (Akard, B.J.). Ironically, this court is now faced with the task of reconciling not only the statutes but also these cases, as the courts are themselves not in agreement.

## Analysis

 When construing separate statutes that address the same subject matter, a court's initial burden is to construe the statutes harmoniously to the extent possible. *H & C Communications, Inc. v. Reed's Food International, Inc.*, 887 S.W.2d 475, 478 (Tex.App.—San Antonio 1994, no writ). Harmonizing statutes is merely an extension of the well-established tenet of statutory construction that a court should construe statutes in such a way as to give each of them meaning and effect. *In re Bowes*, 160 B.R. at 293. Favoring one statute over another necessarily fails to give meaning and effect to the unfavored statute. It is therefore incumbent upon a court to first determine whether the statutes in question can be read together in such a way as to eliminate what on the surface seems to be an irreconcilable conflict, while preserving the meaning and effect of both statutes. If that is not possible, then the court may resort to other tools of statutory interpretation to divine the legislature's intentions, such as, for example, an examination of the legislative history or the timing of the enactments.

The difficulty in this case arises in no small part because both codes specifically list life insurance cash values as property which may be exempted;[2] the Insurance Code provides an "unlimited" exemption, while the Property Code provides only a limited exemption, extending only to the cash value of certain kinds of qualified insurance benefits being subject to the overall monetary cap of $60,-000 for all exempt personal property. The Bank maintains that, despite this apparent conflict, the two codes are really in harmony. The Bank claims that

> [t]here is no conflict between the Insurance Code and the Property Code, nor is there any ambiguity in either of these statutes. The legislature has expressly created two types of exempt property: (1) property that is exempt from seizure; and (2) property that is exempt from seizure and is not included in the $60,000 aggregate limitation. The only property that falls into the second category is current wages and prescribed health aids. Under the plain language of § 42.001(b) and § 42.002(12), the present value of insurance policies claimed as exempt, whether claimed under the Insurance or Property Code, must be included in the $60,000 aggregate limitation of § 42.001(a).

*Reply to the Debtors' Consolidated Response*, at ¶ 15 (filed Dec. 8, 1995) ("*Bank's Reply*").[3]

 The Bank's argument that the $60,-000 cap applies to any personalty claimed as exempt that is not current wages or health aids simply does not wash. It cannot be argued in good faith that sections 42.001 and 42.002 of the Property Code represent the sole means available for the exemption of personalty. Insurance policy proceeds or benefits (other than cash values), even though they clearly are not current wages or health aids, are completely exempt by virtue of article 21.22 of the Insurance Code, with no monetary limitation whatsoever. The Bank's statement that, under the Property Code's plain language, cash values must be included in the cap is in direct conflict with the plain language of article 21.22, which provides for an unlimited exemption. There is no indication in either the Property Code or the Insurance Code that one is paramount over the other. Yet the Bank maintains that the conflict can be reconciled.

---

**2.** "[T]he 'present value' of a life insurance policy, discussed in sections 42.001 and 42.002 of the Property Code, is equivalent to the 'cash surrender value' or 'cash value' of a life insurance policy, the term that article 21.22 of the Insurance Code uses." Op. Tex. Att'y Gen. No. DM–125 (1992).

**3.** The Bank relies upon section 42.001(b) which states, "The following personal property is exempt from seizure and is *not included* in the aggregate limitations prescribed by Subsection (a): (1) current wages for personal services, except for the enforcement of court ordered child support payments; (2) professionally prescribed health aids of a debtor or a dependant of a debtor." TEX.PROP.CODE ANN. § 42.001(b).

The Bank relies upon an interpretation suggested in *In re Bowes,* a bankruptcy decision out of the Northern District of Texas authored by Judge John C. Akard. *In re Bowes,* 160 B.R. 290 (Bankr.N.D.Tex.1993). In *Bowes,* chapter 7 debtors tried to exempt $57,000 in personal property under the Texas Property Code, but also sought to claim as exempt under the Texas Insurance Code a life insurance policy with a $77,000 cash surrender value. The court reconciled the $60,-000 cap on personal property exemptions with the unlimited exemption promised in the Texas Insurance Code by 1) allowing the Debtors' to claim the *entire* $77,000 cash value as exempt under the Insurance Code, but 2) requiring that the $77,000 amount be used to *exhaust* the aggregate $60,000 exemption for personalty allowed in section 42.001. The claim of the debtors to the $57,000 worth of other personalty was thereby disallowed. *Id.,* at 294. Judge Akard explained that this approach salvaged both statutes, because the debtors received an unlimited exemption in their insurance policy, while at the same time giving effect to the dollar maximum on overall personal property exemptions established by the Property Code. "[I]ndeed, they receive $17,000 more in exempt property than they would otherwise be entitled to receive under the Property Code." *Id.*

The Bank argues that the *Bowes* reading of these two statutes solves the conflict problem. Far from resolving the conflict, however, *Bowes* actually underscores it. In a single breath, the *Bowes* court first applies the cap then ignores it. If insurance policies are immune from the cap set by section 42.001 by virtue of their absolute exemption from section 21.22, then they cannot be counted as part of the property claimed as exempt under that section, yet that is what *Bowes* does. If on the other hand, they are counted under the cap, then they must also be limited by the cap. Yet *Bowes* permits the insurance to *exceed* the cap by $17,000.

What is worse, the *Bowes* rationale seems to apply the cap only to those insurance policies in which the debtor's spouse or children are beneficiaries (*i.e.,* because those kinds of policies are qualified to be "exempt" under section 42.002(12) of the Property Code and are thereby brought under the cap by the language of section 42.001),[4] but not to policies which are exempt only by virtue of article 21.22 of the Insurance Code. If the cap applies to some kinds of policies because they fall within the description found in section 42.002(12), but not to others, then *Bowes* fails to explain why the cap can nonetheless be exceeded if the item claimed is insurance, but not if the item claimed is something else. On the other hand, if the insurance is exempt without limitation by virtue of article 21.22, then *Bowes* does not explain why we are even consulting the cap found in the Property Code in the first instance, much less applying it to only certain kinds of insurance (the most essential kinds, no less).

Only by failing to give effect to part of the Property Code or part of the Insurance Code can we reconcile the two statutes in the fashion suggested by *Bowes.* But in so doing, we will not have truly harmonized them. Instead, we will have failed to give full meaning and effect to at least one of the statutes in question. *Bowes* simply does not explain how we can both have our cake and eat it too.

In addition to its internal inconsistencies, the *Bowes* approach seems to yield results that this court believes the legislature could not have intended. Even under *Bowes,* insurance proceeds and benefits that are not specifically referenced in the Property Code are exempt without dollar limitation. *See*

---

4. The Property Code says that it is personal property "as described in section 42.002" which is exempt but only to the extent that its aggregate value does not exceed $60,000. TEX.PROP. CODE ANN., § 42.001(a)(1). One kind of personal property described in section 42.002 is the cash value of insurance policies in which a debtor's dependent is the beneficiary. Oddly enough, a policy in which the debtor's boyfriend, for example, is the beneficiary would not be counted under the section 42.001 cap because it is not a policy of the kind described in section 42.002. Perversely, such a policy *would* be exempt independently under article 21.22 of the Insurance Code, but would, under *Bowes,* not need to be counted under the Property Code's cap because such a policy is not one described in section 42.002. So the debtor who wants to take care of her children is forced to sacrifice her car, clothes and furniture, while the debtor who wants to take care of her boyfriend (and the heck with the kids), gets to keep her car, clothes and furniture as well.

*e.g. In re Brothers,* 94 B.R. 82, 83 (Bankr. N.D.Tex.1988). The Property Code meanwhile offers an exemption (and a cap) for life insurance cash values only when the beneficiary is a member of the debtor's family. TEX.PROP. CODE ANN., § 42.002(a)(12) (Vernon Supp.1996). Under the *Bowes* approach, if the debtor wants to claim as exempt an insurance policy in which the debtor's spouse or children are named as beneficiaries, the debtor will be limited to no more than $60,-000. Thus, for every dollar that a debtor wishes to exempt of an insurance policy naming the debtor's spouse and children as beneficiaries, the debtor must eliminate a dollar that could have been used to exempt other personal property. Paradoxically, the debtor is not so limited if the named beneficiary of the policy is the debtor herself, or perhaps the debtor's paramour (the smart debtor would simply change the beneficiary of all insurance policies prior to filing).[5] That is an odd policy outcome, to say the least, and one not likely to have been intended by the Texas Legislature. Nor could the legislature have intended to put a responsible debtor to the Hobson's choice of keeping insurance at the expense of the necessities of life,[6] or keeping the necessities of life and foregoing the generous exemption offered by article 21.22 of the Insurance Code. The net effect of this Hobson's choice is to substantially dilute the potency of the exemption created by the Insurance Code, yet another signal that *Bowes* may not be the correct approach to reconciling these warring provisions in the Property and Insurance Codes.

■ This court concludes that these two statutes cannot be harmonized without doing violence to one or the other, forcing resort to other tools of statutory construction in order to divine the intentions of the legislature. In construing statutes of this state, courts are to be guided by the Texas Code Construction Act. TEX. GOV'T CODE ANN. §§ 311.001 *et seq.* (Vernon 1996).[7]

■ One provision of the Code Construction Act provides that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." TEX. GOV'T CODE ANN. § 311.025. Sections 42.001 and 42.002 of the Property Code, and article 21.22 of the Insurance Code were all amended in 1991; however, the amendments to the Property Code were enacted in May, while the amendment to article 21.22 of the Insurance Code was enacted in June of 1991.[8] Therefore, under a strict application of section 311.025 of the Code Construction Act, the court could conclude that the unlimited exemption of article 21.22 should prevail over the $60,000 limitation imposed by the Property Code.

However, in this case, the court need not rely on so slim or technical a read.[9] There

---

5. In *dicta,* Judge Donald Sharp observed that, "[i]f the analysis in the *Bowes* case is followed, then the limitation on exemptions becomes effective when the insurance beneficiary is a dependent family member who presumably would be most in need of the support provided by the exempt asset." *In re Young,* 166 B.R. at 861, fn. 9. Judge Ronald B. King, from the Western District of Texas, similarly disagreed with *Bowes,* concluding that the dollar limitation in the Property Code simply does not apply to insurance benefits claimed under article 21.22. *In re Shurley, supra.* And if it does not apply, then (at least by implication from Judge King's reasoning) neither would the claim of exemption of such insurance benefits in any way exhaust the dollar limitations in the Property Code. *Id.,* at 293–94.

6. The assumption behind the particular items listed in section 42.002 is that these represent the sorts of things that a debtor *in extremis* ought to be able to retain no matter what, to assure survival and to avoid becoming a charge on society. *See Cobbs v. Coleman,* 14 Tex. 594 (1855); *see*

*also* TEX. CONST., art. XVI, § 49, Interpretive Commentary (Vernon 1955).

7. "The rules provided in this chapter are not exclusive but are meant to describe and clarify situations in order to guide the preparation and construction of codes." TEX. GOV'T CODE ANN. § 311.003.

8. Act of May 24, 1991, 72d Leg., R.S., ch. 175, § 1, 1991 TEX.SESS.LAW SERV. 789, 792 (Vernon) (codified as an amendment to TEX. PROP. CODE ANN. §§ 42.001 & 42.002 (Vernon Supp.1993)); Act of June 15, 1991, 72d Leg., R.S., ch. 609, § 1, 1991, TEX. SESS. LAW SERV. 2217 (Vernon) (codified at TEX.INS. CODE ANN. art. 21.22, § 1 (Vernon Supp. 1993)).

9. "Repeal by implication is not favored, ... and is warranted only when the result is inevitable, or is plainly intended by the legislature.... The implication must be clear, necessary, irresistible, and free from reasonable doubt." *In re Brothers,*

are ample indications elsewhere to confirm that the Texas Legislature in fact intended article 21.22 to prevail over any conflicting provisions of the Texas Property Code. The legislative history to article 21.22 is one such indicator.

Prior to its 1991 amendment, article 21.22 exempted from seizure money or benefits of any kind to be paid "under any policy of insurance issued by a life, health, or accident, insurance company...." In 1988, a bankruptcy court ruled that cash values were not money or benefits paid "under any policy of insurance" and were therefore not specifically exempted under article 21.22. *In re Brothers,* 94 B.R. 82, 83 (Bankr.N.D.Tex. 1988). The *Brothers* court went on to note that, while a previous version of article 21.22 had not in fact addressed the issue of cash values, section 42.002 of the Texas Property Code did specifically list life insurance cash values as one category of personal property available for exemption. Because life insurance cash values were specifically included in the Property Code, but not in the Insurance Code, concluded the court, the Texas Legislature must have intended for cash values to be limited by the section 42.001 cap.[10] Therefore, notwithstanding the apparent generosity of article 21.22 as then enacted, the bankruptcy court held that cash surrender values of insurance policies could only be claimed exempt to the extent that the total dollar value of the exemptions claimed by the debtor, including such cash surrender values,

did not exceed the cap specified in section 42.001 of the Texas Property Code. *Id.,* at 84.

It was with the *Brothers* decision in mind that the Texas Legislature amended the Insurance Code expressly to provide that insurance policy cash values be included in the article 21.22 unlimited exemption, and by extension, excluded from the holding in *Brothers* (and so excluded as well from the section 42.001 cap). Op. Tex. Att'y Gen. No. DM-125 (1992). A review of the legislative history reveals that "the legislature was keenly aware of the limitation the Property Code placed on proceeds and cash values of life insurance, and intended that article 21.22 of the Insurance Code override the Property Code's limitations on exemptions. *Id.*[11] *See* Hearings on S.B. 1261, Before the Senate Economic Development Committee, 72d Leg., R.S. 1 (April 25, 1991) (statement of Senator Parker) (stating that the amendment to article 21.22 removes the limitation on insurance proceeds formerly imposed in bankruptcy) (transcript available from Senate Staff Services Office); Debate on Committee Substitute to S.B. 1261 on the Floor of the Senate, 72d Leg. R.S. 1 (April 29, 1991) (statement of Senator Harris) ("This amends the Insurance Code to be sure that ... this takes off the caps and [§ 42.001] is no longer a problem.... (transcript of Tape 1, Side 1, available from Senate Staff Services Office).

---

94 B.R. 82, 84 (Bankr.N.D.Tex.1988) (citing numerous Texas authorities).

**10.** The *Brothers* court acknowledged § 311.026 of the Texas Code Construction Act, which provides that a statute containing a special or local provision should prevail as an exception to any general statute that it is in conflict with. Tex. Gov't Code Ann. § 311.026.

**11.** I. HARRIS: The Insurance Code apparently exempts life, health and accident insurance ... proceeds from execution, attachment, garnishment or other process of law. However the exemption statute [contained in the Property Code] places a cap on the dollar amount of property which can be exempted.... [The] Insurance Code ... appears to exempt all those proceeds, but some creditors have attempted to reject the caps, particularly in the bankruptcy situations. · This ... would clarify to the point where it would not ... be subject to any caps

and full exemption ... is available to the families.

\* \* \* \* \* \*

DAVIS: Mr. Chairman I think this bill's been carefully drafted and it does exactly what Senator Harris says. Be happy to answer any questions.

[?]: ... Dean[,] does it exempt ... all proceeds of life insurance[?]

DAVIS: Yes it does.

[?]: And what's the current law?

DAVIS: The current law tries to do that too but ... it runs afoul ... of what is exempt in the Property Code when it comes to bankruptcy. *In re Shurley,* 163 B.R. at 294 (Quoting—Hearings on S.B. 1261 Before the Senate Economic Development Committee, Subcommittee on Insurance, 72d Leg., R.S. 1 (April 15, 1991) (transcript of Tape 1, Side 2, available from Senate Staff Services Office)) (emphasis added).

*See generally Shurley,* 163 B.R., at 294 (discussing this legislative history).

It is apparent that by amending article 21.22 of the Texas Insurance Code, the Texas Legislature expressly intended to overide *Brothers,* and to thereby enable debtors in this state to completely exempt the cash value of life insurance policies without regard to the monetary cap set out in section 42.001 of the Texas Property Code. What is equally apparent is that the legislature did not intend the "inequitable and absurd result" that would follow if the statutes were given the effect the Bank requests.[12] Article 21.22 in fact provides for a total exemption of life insurance cash values which prevails over the conflicting portion of Section 42.001 of the Texas Property Code. The legislature was simply reacting to the *Brothers* decision and trying to assure that insurance would be fully exempt, without a dollar limitation. That selfsame legislature was most certainly *not* putting debtors in this state to the Hobson's choice of keeping their insurance or keeping their furniture or cars. It would be an odd result indeed to conclude that, after the amendments to the Insurance Code, the *Brothers* result still obtained on a *de facto* basis by operation of this Hobson's choice.

■ The Debtors may accordingly claim as exempt the full cash value of their life insurance policies without affecting their ability to claim other personal property as exempt under the Texas Property Code. The cap in section 42.001 does not apply to claims of exemption for insurance policies and their proceeds, regardless the category of beneficiary. No matter how much insurance is claimed, the debtors can still claim other personal property falling within the categories in section 42.002 as exempt, up to the dollar cap in section 42.001.

The two statutes here in question are, to be sure, facially at odds with one another. Although the court is comfortable that it has correctly arrived at the intentions of the Texas Legislature on this issue, it would certainly ease the interpretive task of other courts and give greater certainty to future litigants were the legislature to clarify that section 42.001 of the Texas Property Code has no application to nor does it place a limitation on the exemption claim independently available by virtue of article 21.22 of the Texas Insurance Code. This sort of change is needed because sections 42.001–42.002 purport to describe the entire exemption scheme for personal property in this state. Obviously, the Insurance Code presents at least one exception, one which clearly emerges from an examination of the legislative history, but which is far from clear from the face of the Property Code itself. The legislature could save further litigation and uncertainty on the part of litigants with a simple clarifying amendment to the Property Code.[13]

We need not await that somewhat ministerial clarification to rule on the merits in this case, however. The objection of the Bank to the debtors' claim of exemption in the insur-

---

**12.** Under the Bank's approach, when the need for the exemption is the greatest (*e.g.,* the beneficiary is a dependent), it would be limited, yet if the need for the exemption is low, such as when the beneficiary is either unrelated or is also the insured, then the exemption is unlimited. "To construe the statute in this fashion ... would appear to create an inequitable and absurd result that the Legislature could not possibly have intended.... [T]o the extent one might conclude that these provisions are irreconcilable without leading to the inequitable result envisioned in this footnote the legislative intent is clearly that the provision in article 21.22 of the Insurance Code prevail." *In re Young,* 166 B.R. at 861 fn. 9.

**13.** The uncertainty could be eliminated with two amendments:

*First,* the legislature should simply delete subparagraph (a)(12) from section 42.002 as unnec-

essary surplusage—after all, article 21.22 is broad enough to afford the self-same exemption, without any confusion over whether the Property Code's cap applies. *See* TEX.PROP CODE ANN., § 42.002(12) (Vernon Supp.1996).

*Second,* the legislature should modify the language of section 42.001(a). Currently the statute says: "Personal property, as described in Section 42.002, is exempt ... if:" This wording suggests that the only property which can be exempt is property listed in section 42.002 ("*as* described ...."). Deleting the word "as" so that the statute reads: "The personal property described in Section 42.002 is exempt ... if: ..." should eliminate this problem, and leave room for other exemptions in other parts of Texas' statutes and codes. *See* TEX. PROP. CODE ANN. § 42.001 (Vernon Supp.1996).

ance policies in question is overruled and the exemptions are allowed as claimed.

So **ORDERED.**