### In re Gilbert T. SCOTT and Gloria B. Scott, Debtors.

### Bankruptcy No. 395–31169–SAF–13.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 15, 1996.

Thomas E. Kirkland, Dallas, TX, for Gilbert T. and Gloria B. Scott, Debtors, Respondent.

Wm. Chris Wolffarth, Johnson, Unell & Wolffarth, Dallas, TX, for Robert Milbank, Jr., Trustee, Movant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Robert Milbank, Jr., the Chapter 7 trustee of the bankruptcy estate of the debtors, Gilbert T. Scott and Gloria B. Scott, objects to certain property claimed as exempt by the debtors. The court held a hearing on the exemptions on December 11, 1995. At that hearing, the parties submitted the matter on the written papers and the court record. The debtors filed their brief in support of the exemptions on December 29, 1995, and the trustee filed his brief in opposition on January 2, 1996.

■ The Bankruptcy Code provides that upon commencement of a bankruptcy case all legal and equitable interests of the debtors in property become part of the bankruptcy estate. 11 U.S.C. § 541; *Matter of Walden,* 12 F.3d 445, 448 (5th Cir.1994). The debtors may, however, exempt certain property from the estate, placing that property beyond the reach of claims of creditors. 11 U.S.C. § 522; *Walden,* 12 F.3d at 448.

■ Section 522(b) permits the debtors to exempt property under either the federal exemptions enumerated in § 522(d), if the subject state so authorizes, or the exemptions available under state or other federal law. Texas permits debtors to select the federal exemptions under § 522(b)(1). *Matter of Volpe,* 943 F.2d 1451, 1452 (5th Cir. 1991). Accordingly, debtors may elect either the "federal" exemptions specified in § 522(d) or the "state" exemptions. In this case, the debtors elected the state exemptions.

By their amended schedule C, filed March 22, 1995, the debtors claimed as exempt their homestead, pursuant to Texas Property Code § 41.001; three individual retirement accounts, valued at $108,000, pursuant to Texas Property Code § 42.0021; an annuity contract, valued at $88,000, pursuant to Texas Insurance Code art. 21.22; two life insurance policies, with a present value of $19,000, pursuant to Texas Insurance Code art. 21.22 and Texas Property Code § 42.002; and other personal property valued at $44,300, pursuant to Texas Property Code §§ 42.001 and 42.002. The trustee objects to the exemption of the annuity contract and the present value of the life insurance policies.

The Texas Insurance Code, at art. 21.22, provides in pertinent part:

Sec. 1. Notwithstanding any provision of this code other than this article, all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance or annuity contract issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer or individual, shall:

. . . .

(4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

Tex.Ins.Code Ann. art. 21.22, § 1 (Vernon Supp.1996).

■ The Texas Property Code, at § 42.001(a)(1), provides that personal property described in § 42.002 is exempt if the property is provided for a family and has an aggregate fair market value of not more than $60,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property. Section 42.002(a)(12)

exempts as personal property "the present value of any life insurance policy to the extent that a member of the family of the insured or a dependent of a single insured adult claiming the exemption is a beneficiary of the policy." TEX.PROP.CODE ANN. § 42.002(a)(12) (Vernon Supp.1996).

### Annuity Contract

■■■■ The debtors have an annuity contract issued by the Equitable Life Insurance Company, a life insurance company. Article 21.22 of the Texas Insurance Code exempts all money or benefits of any kind, including policy proceeds and cash values, to be paid to the insured or any beneficiary under "any annuity contract issued by a life ... insurance company." TEX.INS.CODE ANN. art. 21.22, § 1 (Vernon Supp.1996). The annuity contract issued by the Equitable Life Insurance Company is covered by this exemption. Section 42.002 of the Texas Property Code does not include annuity contracts under subsection (a)(12), nor any other subsection. Therefore, like the individual retirement accounts under Texas Property Code § 42.0021, the annuity contract exemption is a separate exemption, unaffected by the limitations of § 42.001. Accordingly, the trustee's objection to the claim of exemption of the annuity contract is overruled and the exemption is allowed.

### Life Insurance Policies

In contrast, the cash value of the debtors' two life insurance policies is governed by both art. 21.22 of the Texas Insurance Code and § 42.002(a)(12) of the Texas Property Code. Under the Insurance Code, the entire cash value of the life insurance policies would be exempt. Under the Property Code, however, through § 42.001, the cash value must be included in the $60,000 limit for property covered by § 42.002. In this case, since the present value of the life insurance policies, coupled with the other personal property covered by § 42.002, exceeds $60,000, application of the plain language of both statutes is inconsistent.

Bankruptcy courts in Texas have struggled with this issue: whether the cash value of life insurance policies can be fully exempted under the Texas Insurance Code or must be included within the $60,000 limitation under the Texas Property Code.

In *In re Bowes*, 160 B.R. 290 (Bankr. N.D.Tex.1993), the court held that life insurance cash value is fully exempt, but if that unlimited exemption exhausts the $60,000, no additional personal property under § 42.002 can be exempted. In *In re Borchers*, 192 B.R. 698 (Bankr.W.D.Tex.1996), and in *In re Shurley*, 163 B.R. 286 (Bankr.W.D.Tex.1993), the courts held that life insurance cash value is fully exempt under the Texas Insurance Code, without application to the $60,000 Property Code limitation. In *In re Young*, 166 B.R. 854 (Bankr.E.D.Tex.1994), while finding that the life insurance policy in question did not come within the definition of § 42.002(a)(12), so that the issue did not have to be decided, the court intimated that it would reach the same result as the *Shurley* court. *See* 166 B.R. at 861 n. 9.

■■■■ The Texas exemption law must be liberally construed in favor of express exemptions. *Walden*, 12 F.3d at 448. But in so doing, the Texas Legislature directs that statutory inconsistencies be construed according to statutory standards. To that end, the court must read the provisions of the Texas Insurance Code and the Texas Property Code using the construction aids of § 311.023 of the Texas Government Code and, if irreconcilable, using §§ 311.025 and 311.026 of the Government Code.

The *Shurley* court explains:

In 1991, the provisions concerning the exemption of life insurance policies contained in the Texas Property and Insurance Codes were both amended. In the Property Code, the term "cash surrender value" was changed to "present value." In the Insurance Code, the caption of the statute was changed to read "Unlimited Exemption of Insurance Benefits from Seizure Under Process." The amendment added the word "unlimited." Also, the amendment made clear that the benefits covered by the section "includ[e] policy proceeds and *cash values.*" The language of the statute clearly indicates an unlimited exemption of all life insurance benefits.

163 B.R. at 293.

In the same session, the Legislature amended § 42.001 of the Property Code to double, from $30,000 to $60,000, the maximum amount of designated personal property that could be exempted by a family. The Legislature did not remove the life insurance provisions from § 42.002. *Bowes,* 160 B.R. at 293–294.

Although not discussed by the *Shurley* court, the *Borchers* court recognized that the Legislature increased the Property Code exemption limit during the same session it amended the Insurance Code. But the court concluded that the Legislature meant to delete § 42.002(a)(12). 192 B.R. at 705–06. The Texas Attorney General has similarly construed the statutes. Op.Tex.Att'y Gen., No. DM–125 (1992).

 This court must respectfully disagree with the *Shurley* and *Borchers* courts. Although they may have correctly discerned the legislative intent, they have engaged in a legislative act by, in effect, striking § 42.002(a)(12). While a court may alert the Legislature to statutory inconsistencies, the court must apply the statutes as written. A court may not read statutes to make their words superfluous or insignificant. *See Woodfork v. Marine Cooks & Stewards Union,* 642 F.2d 966, 970–71 (5th Cir.1981). This teaching takes on special importance when a federal court construes state statutes. While a court should give due deference to a state attorney general's construction of state statutes, the executive branch, like the judicial branch, cannot effectively strike a sentence in a statute.

 The court must, therefore, attempt to construe the statutes to give meaning to all of their provisions. *Bowes,* 160 B.R. at 293. If the statutes cannot be harmonized, the statute latest enacted prevails. TEX.GOV'T CODE ANN. § 311.025(a) (Vernon 1988). But if the statutes contain conflicting general and special provisions which cannot be reconciled, the special provision prevails unless the Legislature later enacted the general provision with a manifest intent that the general provision prevail. TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1988).

To determine if the provisions can be reconciled, the court must consider the construction aids enacted by the Legislature. TEX. GOV'T CODE § 311.023 (Vernon 1988). That section provides:

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:
>
> (1) object sought to be obtained;
>
> (2) circumstances under which the statute was enacted;
>
> (3) legislative history;
>
> (4) common law or former statutory provisions, including laws on the same or similar subjects;
>
> (5) consequences of a particular construction;
>
> (6) administrative construction of the statute; and
>
> (7) title (caption), preamble, and emergency provision.

TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988).

 The Legislature's object in amending the Insurance Code was to broadly exempt life, health and accident insurance proceeds from the reach of creditors. Debate on Comm. Substitute to S.B. 1261 on the Floor of the Senate, 72d Leg., R.S. 1 (April 29, 1991) (statement of Senator Harris) (transcript of Tape 1, Side 1, available from Senate Staff Services Office); TEX.GOV'T CODE. ANN. § 311.023(1) (Vernon 1988). The Legislature's object in amending the Property Code was to increase the cap on itemized personal property exempted from the reach of creditors. TEX.GOV'T CODE ANN. § 311.023(1) (Vernon 1988).

The Legislature appears to have debated the Insurance Code amendment prior to doubling the cap on the Property Code exemptions. The legislative debate recognized the circumstances of people affected by bankruptcy filing problems. Hearings on S.B. 1261 Before the Senate Econ. Dev. Comm., 72d Leg., R.S. 1 (April 15, 1991) (statement of Senator Harris) (transcript of Tape 1, Side 1, available from Senate Staff Services Office). TEX.GOV'T CODE ANN. § 311.023(2) (Vernon 1988).

The Senate Economic Development Subcommittee on Insurance debate of April 15,

1991, articulated an intent to amend the Insurance Code to remove the Property Code limitation on the exemption of insurance. The full committee recognized that intent on April 25, 1991. The amendment was presented to the Senate, however, in the context of a $30,000 family personal property cap, with a desire to remove that cap. Debate on Comm. Substitute to S.B. 1261 on the Floor of the Senate, 72d Leg., R.S. 1 (April 29, 1991) (statement of Senator Harris) (transcript of Tape 1, Side 1, available from Senate Staff Services Office); TEX.GOV'T CODE ANN. § 311.023(1) (Vernon 1988). By act, effective May 24, 1991, the Legislature then doubled the cap, but retained the present value of life insurance policies within the capped exempt property. By act, effective June 15, 1991, the Legislature expanded the Insurance Code exemptions.

Against the background circumstances of an expressed awareness of bankruptcy filing problems, the court may reasonably infer that by these two actions, the Legislature chose not to enact an amendment fully adopting the insurance subcommittee's intent, but rather sought a compromise by expanding the Insurance Code exemptions while providing for creditor recovery of the value of personal property, including the present value of life insurance policies, above a doubled exemption amount. The Legislature's awareness of bankruptcy filing problems would trigger a concern for both debtors and creditors, many of which were struggling small businesses throughout the state. TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 1988).

Since the same Legislature decided to retain § 42.002(a)(12) after the Insurance Code amendment had been presented on the floor of the Senate, this reading of the legislative history would recognize the object of both acts while being cognizant of the former statutory provisions. TEX.GOV'T CODE ANN. § 311.023(4) (Vernon 1988). The Legislature had a choice whether to retain or delete § 42.002(a)(12). The Insurance Code provision had already been reported to the Legislature from committee, and considered on the floor, before the Legislature decided to retain § 42.002(a)(12) while doubling the cap of § 42.001.

By continuing former statutory provisions, the court construes that the Legislature in-

tended for the court to give them meaning. The consequence of reading the Property Code to include the present value of the life insurance policies is to give meaning to all the statutory provisions. Whereas the consequences of reading the statutes as read by the *Shurley* and *Borchers* courts would be to judicially strike § 42.002(a)(12) from the Property Code. TEX.GOV'T CODE ANN. § 311.023(5) (Vernon 1988). The court has already addressed the Texas Attorney General's opinion. TEX.GOV'T CODE ANN. § 311.023(6) (Vernon 1988). Finally, the statutes' titles do not add significantly, except that the Insurance Code caption expressly states "unlimited exemptions." TEX. GOV'T CODE ANN. § 311.023(7) (Vernon 1988).

Considering all these construction aids, the Property Code provisions appear to constitute a specific limitation on personal property, including the present value of life insurance policies, even though the insurance is otherwise included in the general unlimited insurance exemption of the Insurance Code. This reading gives meaning to the provisions of both codes without making any sentence superfluous or insignificant. It recognizes that the Legislature doubled the family personal property exemption cap within one month of amending the Insurance Code, thereby addressing the concerns that the insurance exemption operated within a much smaller personal property exemption cap. The reading further recognizes that when the Legislature addressed the exemptions in the context of problems generated by bankruptcy filings, it may have been as concerned with unpaid creditors as well as with debtors. Having been presented with a proposal to exempt all insurance when the Property Code capped family exemptions at $30,000, including the cash value of life insurance policies, the Legislature appears to have resolved to double the cap, yet keep the present value of the life insurance policies within the Property Code. The net result is that for some better-situated debtors, creditors may reach a portion of their personal property.

The statutes are held reconcilable. The court's enquiry should therefore end.

Nevertheless, the court would further observe that if a reviewing court determined that the statutes were not reconcilable, this court would conclude that the Texas rules of statutory construction suggest that the present value of the life insurance policies should still be included in the $60,000 Property Code family exemption cap, and therefore a limitation on the otherwise unlimited provisions of the Insurance Code.

The Insurance Code amendment has a later effective date than the Property Code amendment. Section 311.025(a) would appear to dictate that the Insurance Code provision prevails. However, the $60,000 amount of exempt personal property enumerated in § 42.002, including present value of life insurance policies, must be considered a special provision for purposes of applying the Legislature's mandate in § 311.026 of the Texas Government Code. A specific type of property with a limited amount, compared to unlimited amounts of a general category, appears to fall within the designation of a special provision. *See Black's Law Dictionary* 1397–1398 (6th ed. 1990) ("special" and "special law").

The unlimited insurance exemption of the Insurance Code appears to fall within the designation of a general provision. That reading recognizes the general rule of statutory construction that a specific provision addressing a particular matter applies over a general provision. TEX.GOV'T CODE ANN. § 311.026 (Vernon 1988). The Texas Legislature directs that if the provisions cannot be reconciled, the special provision prevails over the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. The $60,000 special provision and the unlimited general provision were enacted by the same legislature during the same session. Although the general provision has a later effective date, they appear to be more like companion legislation.

Further, as discussed above, this court cannot find that the Legislature intended that the general provision prevail when the two conflict. Reading these statutes to give effect to both, by keeping the life insurance in the Property Code while doubling the exempt amounts, the Legislature appeared to have intended to include the present value of the life insurance within the $60,000. The court cannot find, therefore, that the Legislature intended the opposite result.

Since the general and special provisions were virtually simultaneously enacted, and since the Legislature did not manifest an intent for the general to prevail, both being conditions precedent, the special limitation of $60,000 must apply over the general unlimited provision of the Insurance Code. A different reading would judicially remove the provision of § 42.002(a)(12). Thus, this court would apply § 311.026 rather than § 311.025(a) of the Texas Government Code, to the extent that the provisions could not be reconciled by statutory construction.

The court's reading is consistent with the requirement to liberally construe these exemption statutes. The Legislature has apparently determined that $60,000 is a generous personal property exemption, coupled with the exemption of the Texas homestead, the individual retirement accounts, and the other insurance and annuity contracts in the Insurance Code not subject to the Property Code limitation. Once having recognized that package of exemptions, requiring designated personal property over $60,000 in aggregate value to be applied to a person's debts does not offend any notion of liberal construction of state exemptions.

Accordingly, with due deference to my colleagues, this court must disagree with the decisions in the cited cases. This court respectfully suggests that if the Legislature intended the results reached in the *Shurley* and *Borchers* cases, the Texas Legislature, not a federal bankruptcy court, should delete § 42.002(a)(12) of the Property Code or otherwise amend the statute. The *Bowes* court, while attempting to reconcile the statutes, would still permit the unlimited amount of the Insurance Code to override the limitation of the Property Code with respect to life insurance. The present value of the life insurance policies within § 42.002(a)(12) must be included within the $60,000 limitation of § 42.001.[1]

1. The *Young* court raises another issue concerning the anomaly of the language of § 42.002(a)(12). That issue is not before the court in this case.

812

In this case, the debtors have two life insurance policies. A member of the family of the insured is a beneficiary of each policy. The parties agree that the present value of the policies is $19,000. The debtors have scheduled other personal property with a total value of $44,300. According to the schedules, that property is not encumbered by any lien or security interest. Consequently, the debtors exceed the limitation of § 42.001 by $3,300.00. The trustee's objection must be sustained in part. The debtors' exemption of the present value of their life insurance policies must be limited to $15,700. The debtors may comply with this ruling by paying the trustee $3,300 or otherwise agreeing that the bankruptcy estate could retain other property covered by § 42.002 having that value.

·Based on the foregoing,

**IT IS ORDERED** that the objection of Robert Milbank, Jr., trustee of the bankruptcy estate of Gilbert T. Scott and Gloria B. Scott, to the claim of exemption of the annuity contract with the Equitable Life Insurance Company is **OVERRULED** and the exemption is **ALLOWED.**

**IT IS FURTHER ORDERED** that the objection of Robert Milbank, Jr., to the claim of exemption of the present value of the life insurance policies with Kentucky Central and Northwestern Mutual is **SUSTAINED IN PART** and **OVERRULED IN PART,** and that the exemptions are allowed in the total amount of $15,700. The debtors and the trustee may comply with this order by the alternatives provided in the memorandum opinion.