**In re William Thomas ATKINS, Debtor.**

**Bankruptcy No. 94–41522–S.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 4, 1997.

Judd B. Holt, Denton, TX, for Debtor.

John Turner, Caolo, Bell & Nunnally, L.L.P., Dallas, TX, for Cadle Company.

Karen Marshall, Malouf, Lynch, Jackson, Kessler & Collins, P.C., Dallas, TX, for Mark A. Weisbart, Chapter 7 Trustee.

## OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the joint objection by creditor Cadle Company II, Inc. and Mark A. Weisbart, Chapter 7 Trustee, to the exemption claimed by the Debtor William Thomas Atkins. At the conclusion of the hearing, the matter was taken under advisement. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

1. William Thomas Atkins ("Debtor") filed a Chapter 13 bankruptcy on September 12, 1994.

2. The Chapter 13 plan was confirmed on August 23, 1995.

3. On July 15, 1996, Debtor received a lump sum settlement of $225,000 from a disability policy issued by Provident Life and Accident Company.

4. The Debtor converted the Chapter 13 to a Chapter 7 on September 3, 1996.

5. The Debtor claimed the disability proceeds as exempt under Article 21.22 of the Texas Insurance Code.

### DISCUSSION

The issue before this court is whether article 21.22 of the Insurance Code permits Debtor to exempt the entire $225,000 in disability insurance proceeds or whether § 42.001 of the Property Code limits the total exemption allowed on personal property, including the annuity, to $60,000. Cadle asks the Court to classify the proceeds as "property of the estate." Debtor argues that the Property Code is not controlling and that article 21.22 of the Insurance Code, which

provides for an unlimited exemption on any insurance proceeds, is controlling and therefore the $225,000 disability proceeds should be exempt.

Section 42.001 of the Texas Property Code provides that personal property listed in § 42.002 is exempt if it is provides for a family and does not have an aggregate fair market value exceeding $60,000. Section 42.002(a)(12) exempts as personal property "the present value of any life insurance policy to the extent that a member of the family of the insured or a dependent of a single insured adult claiming the exemption is a beneficiary of the policy." TEX.PROP. CODE ANN. § 42.002(a)(12) (Vernon Supp. 1997).

The Texas Insurance Code, at article 21.22, provides in pertinent part:

Sec. 1. Notwithstanding any provision of this code other than this article, all money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance or annuity contract issued by a life, health or accident insurance company, including mutual and fraternal insurance, or under any plan or program of annuities and benefits in use by any employer or individual, shall:

. . . . .

(4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary. TEX.INS.CODE ANN. Art. 21.22, § 1 (Vernon Supp.1997).

The Debtor in this case has a lump sum settlement of $225,000 from a disability policy issued by Provident Life and Accident Company, a health insurance company. Article 21.22 of the Texas Insurance Code exempts all money or benefits of any kind, issued by a life, health or accident insurance company. TEX.INS.CODE ANN. art. 21.22, § 1 (Vernon Supp.1997). The $225,000 in proceeds from the disability policy is covered by this exemption for two reasons. First, the provisions of the Property Code deal only with life insurance policies and do not include annuity contracts, disability policies or any other kind of insurance proceeds within their express terms. The Insurance Code specifi-

cally deals with an annuity contract such as is at issue in the instant case. *See In re Scott,* 193 B.R. 805 (Bankr.N.D.Tex.1996). Second, this Court has previously analyzed the two statutes and held in *In re Young,* 166 B.R. 854 (Bankr.E.D.Tex.1994) that to the extent there is an irreconcilable conflict between the provisions of the Texas Property Code and the Texas Insurance Code, the legislative intent was clearly that the provisions of the Insurance Code would prevail on this specific issue. Nothing has intervened since the writing of that opinion to change this Court's opinion, and in fact, the legislature by enactment dated May 15, 1997, of § 7 of Article 21.22 of the Insurance Code has made its intentions even clearer. The disability policy proceeds at issue in this case are held to be exempt and the joint objection to exemption filed by Cadle Company II, Inc. and Mark A. Weisbart, Chapter 7 Trustee, is denied and the exemption sought by Debtor is allowed.